# EXHIBIT B

Date: 12/3 Time: 1:48
Allen Robins ~~Deputy Constable~~ County
Private Investigator #A103345
Statewide Process Servers 801-809-4133
PO Box 845 West Jordan UT 84084

Daniel M. Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
Attorney for Plaintiffs and Class

**SEVENTH JUDICIAL DISTRICT COURT, STATE OF UTAH**
**GRAND COUNTY, STATE OF UTAH**

| | |
|---|---|
| JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, SABRINA PROVO,<br><br>On behalf of Plaintiffs and Class,<br><br>vs.<br><br>A-1 COLLECTION AGENCY, LLC, and MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | **SUMMONS**<br><br>Case No: 200700066<br><br>Judge: Hon. DON M TORGERSON |

The State of Utah to: RE: A-1 Collection Agency, LLC
CT CORPORATION SYSTEM
1108 E. South Union Ave.
Midvale, UT 84047

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons, you must file your written answer with the clerk of the court at the court address shown above. Within that same time, you must mail or deliver a copy of your answer to the party or the party's attorney at the address shown above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint, which has been filed with the clerk of the court.

DATED: December 2nd, 2020.

/s/ Daniel Baczynski
Attorneys for Plaintiffs and Class Members

Daniel M. Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
*Attorneys for Plaintiffs*

**SEVENTH JUDICIAL DISTRICT COURT**
**GRAND COUNTY, STATE OF UTAH**

| | |
|---|---|
| JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, SABRINA PROVO,<br><br>On behalf of Plaintiffs and Class,<br><br>vs.<br><br>A-1 COLLECTION AGENCY, LLC, and MOAB VALLEY HEALTHCARE, INC.<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No:<br><br>Judge: |

Plaintiffs JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, and SABRINA PROVO, by and through their attorneys of record, makes a demand for a jury trial and complains of Defendants, A-1 Collection Agency, LLC (A-1), and Moab Valley Healthcare, Inc. as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to Utah Code § 78A-5-102(1).

2. Venue is proper pursuant to Utah Code § 78B-3-307 where A-1 Collection Agency does not reside in the State and Moab Valley Healthcare resides in Grand County.

3. Defendants are subject to personal jurisdiction within the State of Utah because Defendants engaged in business activities within the State of Utah.

## PARTIES

4. Plaintiffs were at all times relevant residents of the State of Utah.

5. At all relevant times, Plaintiffs were above the age of 18.

6. Defendant A-1 is a Colorado Limited Liability Company.

7. Defendant A-1 engages in debt collection in the State of Utah.

8. A-1's business is to receive debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails. Any debt of Plaintiffs that A-1 alleges it acquired was in default when A-1 acquired it.

9. A-1 is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6).

10. None of the exceptions to the term "debt collector" under the FDCPA apply to A-1.

11. Moab Valley Healthcare is a Utah corporation operating under the business name Moab Regional Hospital.

## GENERAL ALLEGATIONS

12. This case has to do with the intentional and reckless disclosure by Defendants of patients' confidential information in the furtherance of debt collection.

13. Moab Regional Hospital provides medical services to Utah residents in the Grand County region.

14. When patients default on their payment obligations, Moab Regional Hospital refers the defaulted accounts to A-1 for collection.

15. Upon authorization from Moab Regional Hospital, A-1 files suits in Utah courts in furtherance of Defendants' collection efforts.

16. A-1 acts as an agent of Moab Regional Hospital when attempting to collect Moab

Regional Hospital's debts.

17. During the course of litigation, A-1 will file an "Itemized Statement" from Moab Regional Hospital.

18. The "Itemized Statement" is not redacted in any form or fashion and is available for viewing by the public as a public record.

19. The "Itemized Statement" includes: (1) the Patient's Name; (2) the Patient's Unredacted Account Number; (3) the Patient's Full Unredacted Social Security Number; (4) the Patient's Address; (5) the Patient's Phone Number; (6) the Patient's Date of Birth; (7) the Patient's Employer Information; and (8) the Patient's Detailed Insurance Information.

20. The "Itemized Statement" also includes a "Charge History" full of protected health information, including a full list of medical procedures, costs, and services, with the date each item was provided and the cost of each item.

21. Social security numbers are consider protected personal information under Utah Code 13-44-101.

22. Under Utah Code 13-44-201, "any person who conducts business in the state and maintains personal information shall… prevent unlawful use or disclosure of personal information…".

23. Utah Judicial Council Code of Judicial Administration Rule 4-202.09 provides "[i]f the following non-public information is required in a public record, only the designated information shall be included: social security number: last four digits; financial or account number: last four digits…

24. Defendants were not required to disclose Plaintiffs' social security number and account numbers to prevail in litigation.

25. Even if Defendants were required to disclose Plaintiffs' social security number and account numbers, they recklessly disclosed full social security and account numbers without the required redactions.

26. Rule 4-202.09 further requires "[i]f it is necessary to provide the court with private personal identifying information, it must be provided in a cover sheet or other severable document, which is classified as private".

27. Defendants failed to classify the "Itemized Statement" as private.

28. Had the "itemized Statement" been classified as private, the public would not have been able to access Plaintiffs' private information.

29. When Plaintiffs disclosed their social security numbers to Defendants, they believed Defendants would take proper precautions to prevent the public disclosure of their social security numbers.

30. Public disclosure of their social security numbers puts an individual at higher risk for identity fraud.

31. HIPAA further prohibits the public disclosure of protected health information.

32. HIPAA was enacted to protect the privacy of patients and ensure patient data is appropriately secured.

33. As a medical provider, Moab Regional Hospital is governed by HIPAA.

34. To the extent HIPAA does not independently govern A-1 Collections due to its role as a debt collector, A-1 was still required to abide by HIPAA because it was acting as an agent of Moab Regional Hospital.

35. As an assignee of the debt, A-1 had no greater rights to the debt than the assignor Moab Regional Hospital.

36. As Moab Regional Hospital could not disclose protected health information as part of its collection efforts, so too was A-1 prohibited in its collection efforts.

37. Moreover, Plaintiffs had an independent expectation that their health information would not be disclosed to the public.

38. Defendants violated HIPAA and Plaintiffs' reasonable expectations that their health information would not be disclosed to the public.

39. The public disclosure of protected health information revealed Plaintiffs' private concerns to the world.

40. It is unknown who or how many individuals may have accessed the "itemized statements" and it is impossible to recall any information that may have been gleaned from the "itemized statements".

**The Fair Debt Collection Practices Act**

41. The FDCPA was enacted because existing consumer protection laws were found to be inadequate to protect the honest but unfortunate debtor based on abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b).

42. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (emphasis added) (internal quotation marks omitted); 15 U.S.C. § 1692(e); see also S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1698 (the Act was

meant to suppress unfair and deceptive debt-collection practices).

43. Defendants publicly disclosed confidential information associated with the Plaintiffs during Defendants' pursuit of collecting the Debt.

44. By including highly confidential health and personal information, the Defendants intentionally disclosed private facts about Plaintiffs. Defendants used protected health information for the improper and unlawful purpose of gaining leverage in connection with their attempt to collect a debt.

45. Defendants' disclosure of Plaintiffs' highly confidential health and personal health information in the Collection Action was not to achieve the objects of the Collection Action; indeed, the confidential medical information and personal information that was exposed were absolutely unnecessary in the efforts to collect the Debt.

**Facts Related to Plaintiff Fullmer**

46. On March 11, 2020, A-1 Collection filed suit (Case No. 209700044) against John Fullmer in pursuit of a Moab Regional Hospital debt.

47. Moab Regional Hospital authorized A-1 to pursue collection through litigation.

48. On August 31, 2020, A-1 filed a motion for default judgment.

49. Defendants attached "Itemized Statements" as an exhibit to the motion for default judgment.

50. The "Itemized Statement" disclosed private information, including Plaintiff's social security number and private health information for public access.

51. Plaintiff has hired counsel to have the "Itemized Statement" to classify the document as private and has incurred costs and expenses in his efforts to do so.

52. Plaintiff has suffered emotional distress resulting in physical manifestations as a result of

the public disclosure of private information.

53. Defendants' actions have further put Plaintiff at risk of identity theft.

**Facts Related to Plaintiff Burt**

54. On January 30, 2019, A-1 Collection filed suit (Case No. 199700017) against Josh Burt in pursuit of a Moab Regional Hospital debt.

55. Moab Regional Hospital authorized A-1 to pursue collection through litigation.

56. On April 23, 2019, A-1 filed a motion for default judgment.

57. Defendants attached "Itemized Statements" as an exhibit to the motion for default judgment.

58. The "Itemized Statement" disclosed private information, including Plaintiff's social security number and private health information for public access.

59. Plaintiff has hired counsel to have the "Itemized Statement" to classify the document as private and has incurred costs and expenses in his efforts to do so.

60. Plaintiff has suffered emotional distress resulting in physical manifestations as a result of the public disclosure of private information.

61. Defendants' actions have further put Plaintiff at risk of identity theft.

**Facts Related to Plaintiff McIntyre**

62. On September 26, 2019, A-1 Collection filed suit (Case No. 190301597) against Sean McIntyre in pursuit of a Moab Regional Hospital debt.

63. Moab Regional Hospital authorized A-1 to pursue collection through litigation.

64. On December 2, 2019, A-1 filed a motion for default judgment.

65. Defendants attached "Itemized Statements" as an exhibit to the motion for default judgment.

66. The "Itemized Statement" disclosed private information, including Plaintiff's social security number and private health information for public access.
67. Plaintiff has hired counsel to have the "Itemized Statement" to classify the document as private and has incurred costs and expenses in his efforts to do so.
68. Plaintiff has suffered emotional distress resulting in physical manifestations as a result of the public disclosure of private information.
69. Defendants' actions have further put Plaintiff at risk of identity theft.

**Facts Related to Plaintiff Provo**

70. On January 20, 2020, A-1 Collection filed suit (Case No. 209700006) against Sabrina Provo in pursuit of a Moab Regional Hospital debt.
71. Moab Regional Hospital authorized A-1 to pursue collection through litigation.
72. On June 29, 2020, A-1 filed a motion for default judgment.
73. Defendants attached "Itemized Statements" as an exhibit to the motion for default judgment.
74. The "Itemized Statement" disclosed private information, including Plaintiff's social security number and private health information for public access.
75. Plaintiff has hired counsel to have the "Itemized Statement" to classify the document as private and has incurred costs and expenses in her efforts to do so.
76. Plaintiff has suffered emotional distress resulting in physical manifestations as a result of the public disclosure of private information.
77. Defendants' actions have further put Plaintiff at risk of identity theft.

**FIRST CLAIM FOR RELIEF**
***Violation of the Fair Debt Collection Practices Act***
***Fullmer, McIntyre, Provo and Class Claims***
***Against A-1 Collections***

78. Plaintiffs incorporate by reference all preceding paragraphs.

79. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

80. Plaintiffs and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

81. The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

82. The debts alleged to be owed by the Plaintiffs and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

83. Defendant A-1 is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

84. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e and 1692f, by including highly confidential health and personal information. Defendant intentionally disclosed private facts about Plaintiffs. Defendant used protected health information for the improper and unlawful purpose of gaining leverage in connection with their attempt to collect a debt.

85. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...**

86. Plaintiffs are entitled to actual and statutory damages for violations of the FDCPA.

**SECOND CLAIM FOR RELIEF**
*Violation of the Utah Consumer Sales Practice Act*
*Individuals (All) and Class Claim*
*Against Defendants*

87. Plaintiffs incorporate the foregoing allegations.

88. The Utah Consumer Sales Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2(2) and (6).

89. Defendants are both "suppliers" under the Utah Consumer Sales Practices Act.

90. Plaintiffs are "consumers" as defined under the Utah Consumer Sales Practices Act.

91. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by including highly confidential health and personal information. Defendant intentionally disclosed private facts about Plaintiffs. Defendant used protected health information for the improper and unlawful purpose of gaining leverage in connection with their attempt to collect a debt.

92. By disclosing protected health information, Defendants violated HIPAA.

93. By disclosing social security numbers, Defendants violated the Utah Judicial Council Code of Judicial Administration.

94. Defendants also received an unfair advantage over local debt collectors and medical providers who follow the law and go to the cost and expense of attaining compliance with Utah's laws and HIPAA.

95. Defendants purposefully engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

96. Plaintiffs seek a declaration on behalf of the Plaintiff class members, that Defendants

cannot disclose protected health information and confidential personal information.

97. Defendants should be enjoined from continuing its practice of disclosing protected health and personal information.

98. Plaintiff Class Members are entitled to their actual damages from the disclosure of protected health and personal information.

99. Plaintiff Class Members are also entitled to statutory damages of $2,000 under the Utah Consumer Sales Practice Act for the harm caused by Defendants' unlawful attempts to collect on a debt.

**THIRD CLAIM FOR RELIEF**
***Intrusion upon Seclusion / Invasion of Privacy***
***Individuals (All) and Class Claim***
***Against Defendants***

100. Plaintiffs incorporate the foregoing allegations.

101. Defendants published Plaintiffs' protected health information and private information.

102. Plaintiffs had a reasonable expectation that Defendants would maintain the disclosed information confidential.

103. The protected health and private information pertained to Plaintiffs' private affairs.

104. The disclosure of Plaintiffs' private affairs would be highly offensive to the reasonable person.

**FOURTH CLAIM FOR RELIEF**
***Negligence***
***Individual (All) and Class Claim***
***Against Defendants***

105. Plaintiffs incorporate the foregoing allegations.

106. Defendants held themselves out and attested to behold themselves to HIPPA with

the Plaintiffs' personal health information.

107. Defendants held themselves out and attested to keep confidential Plaintiffs' private information

108. The public disclosure of confidential medical records breached Defendants' duties of care under "HIPPA".

109. The public disclosure of Plaintiffs' private information, including social security numbers, breached Defendants' duties of care.

110. Plaintiffs and others have suffered a compensable loss arising from Defendants' breach of their duties.

## CLASS ALLEGATIONS

111. Plaintiffs brings these claims on behalf of two classes pursuant to Rule of Civil Procedure 23(a) and 23(b)(3).

112. The "FDCPA Class" consists of (a) all individuals in Utah (b) against whom A-1 (c) publicly disclosed social security numbers or protected health information (d) where the disclosure was made between December 2, 2019, to the present.

113. The "Utah Class" consists of (a) all individuals in Utah (b) against whom Defendants (c) publicly disclosed social security numbers or protected health information (d) where the disclosure was made between December 2, 2016, to the present.

114. On information and belief, the classes are so numerous that joinder of all members in not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of Defendants.

115. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members.

The predominant common questions are (a) whether Defendants could lawfully disclose social security numbers or protected health information to the public; (b) whether public disclosure of confidential information while pursuing debt collection constitutes a violation of the FDCPA or UCSPA; (c) whether public disclosure of confidential information constitutes an intrusion upon seclusion / invasion of privacy; (d) whether public disclosure of confidential information constitute negligence.

116. Plaintiffs' claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

117. Plaintiffs will fairly and adequately represent the members of each class and has retained counsel experienced in consumer class actions and UCSPA litigation.

118. A declaration of law and injunctive relief is appropriate for the members of the Utah Class.

119. A class action is superior for the fair and efficient adjudication of the claims of the two classes, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be an enforcement mechanism under the FDCPA.

d. Utah's legislature intended class actions to be an enforcement mechanism under the UCSPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class members and against Defendants for:

(1) Certify the two enumerated Classes and appoint Plaintiffs as the class representatives and their counsel as class counsel;

(2) Award the FDCPA and UCSPA Class statutory damages and actual damages consisting of any amount collected by the A-1;

(3) Grant the two Classes damages (including punitive damages), declaratory, and injunctive relief against Defendants;

(4) Award Plaintiffs their actual, statutory damages in an amount to be determined at trial;

(5) Award Plaintiffs and the Classes punitive damages;

(6) Attorney's fees, litigation expenses, and cost of suit under the FDCPA and UCSPA; and

(7) Such other and further relief as the Court deems proper.

DATED: December 1st, 2020.

BACZYNSKI LAW, PLLC

/s/ Daniel Baczynski
Attorneys for Plaintiff