THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC and MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND**<br>**FINDING AS MOOT MOTIONS TO DISMISS**<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This action was removed from the Seventh Judicial District Court of the State of Utah on December 30, 2020, based on federal question jurisdiction.[1] Plaintiffs, on behalf of themselves and all others similarly situated, seek recourse for the alleged improper public disclosure of confidential personal and protected health information in state court debt collection proceedings.[2] Plaintiffs assert four causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Utah Consumer Sales Practice Act; (3) intrusion upon seclusion/invasion of privacy; and (4) negligence.[3] Plaintiffs' FDCPA claim is the sole basis for federal subject matter jurisdiction.

Defendants filed Motions to Dismiss the Complaint.[4] The Motions to Dismiss did not argue that Plaintiffs failed to allege sufficient facts to state a plausible claim under the FDCPA.

---

[1] Notice of Removal ¶ 6 at 2, docket no. 2, filed Dec. 30, 2020.

[2] Complaint, docket no. 2-2, filed Dec. 30, 2020.

[3] *Id*. ¶¶ 78-110 at 9-12.

[4] Defendant A-1 Collection Agency, LLC's Rule 12(b)(6) Motion to Dismiss, docket no. 5, filed Jan. 15, 2021; Motion to Dismiss, docket no. 7, filed Jan. 15, 2021 (collectively, "Motions to Dismiss").

However, an order entered which took the Motions to Dismiss under advisement and directed the parties to file supplemental briefing on whether the Complaint stated a plausible FDCPA claim ("Order").[5] In response the Order, Plaintiffs filed a motion seeking leave to amend their Complaint to clarify their FDCPA claim ("Motion to Amend").[6] Defendants opposed the Motion to Amend arguing that the proposed amendments are futile.[7]

Plaintiffs' Motion to Amend is timely and justifiable. And Plaintiffs' Proposed Amended Complaint[8] will not cause undue prejudice to Defendants and is not futile. Therefore, Plaintiffs' Motion to Amend[9] is GRANTED. Consequently, Defendants' pending Motions to Dismiss[10] are MOOT.

## DISCUSSION

FED. R. CIV. P. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."[11] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[12] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[13] "It is well

---

[5] Order Taking Under Advisement Motions to Dismiss and for Supplemental Briefing ("Order"), docket no. 21, filed July 6, 2021.

[6] Plaintiffs' Motion and Supporting Memorandum Requesting Leave to Amend the Complaint ("Motion to Amend"), docket no. 23, filed July 16, 2021.

[7] Joint Memorandum in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint ("Response"), docket no. 29, filed Aug. 6, 2021.

[8] [Proposed] Amended Complaint, docket no. 23-1, filed July 16, 2021.

[9] Docket no. 23, filed July 16, 2021.

[10] Docket no. 5, filed Jan. 15, 2021; Docket no. 7, filed Jan. 15, 2021.

[11] FED. R. CIV. P. 15(a)(2).

[12] *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (quoting *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)).

[13] *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 Fed. App'x 43, 51 (10th Cir. 2021).

settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim."[14] "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to [FED. R. CIV. P.] 12(b)(6)."[15]

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[16] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[17] In reviewing the complaint, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[18] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]

Plaintiffs' Motion to Amend comes at the initial stages of this litigation. A scheduling order has not yet entered. Discovery has not yet begun. And the Motion to Amend is made in response to the Order directing supplemental briefing on Defendants' Motions to Dismiss. Plaintiffs' basis for seeking the Complaint's amendment is to clarify their FDCPA claim,[21] the

---

[14] *Acker v. Burlington Northern and Santa Fe R. Co.*, 215 F.R.D. 645, 647 (D. Kan. 2003) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995); *Ketcham v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[15] *Id*.

[16] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[18] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[20] *Sullivan*, 844 Fed. App'x at 47 (internal punctuation omitted).

[21] Motion to Amend at 2.

sufficiency of which was called into question by the Order. Under these circumstances, the Motion to Amend is timely; its basis is justifiable; and granting leave to amend will not cause undue prejudice to Defendants.

Defendants only argument in opposition to Plaintiff's Motion to Amend is that the Proposed Amended Complaint is futile.[22] Specifically, Defendants argue that the Proposed Amended Complaint lacks sufficient allegations suggesting conduct that was violative of the FDCPA and lacks allegations of a concrete particularized injury to Plaintiffs.[23]

Plaintiffs' proposed amendments are not futile. The Proposed Amended Complaint highlights the FDCPA's protections against invasions of individual privacy and preventing debt collectors from obtaining a competitive advantages.[24] It includes factual allegations that Defendants saved time and money by unnecessarily filing unredacted confidential personal and protected health information on the public record in state court debt collection proceedings.[25] It includes allegations that Defendants' conduct violates the FDCPA because it constitutes harassment and gives Defendants an unfair competitive advantage in collecting debts.[26] And it includes factual allegations that Plaintiffs incurred monetary and other damages as a result of Defendants' conduct.[27]

Accepting the Proposed Amended Complaint's factual allegations as true and affording Plaintiffs all reasonable inferences drawn from those allegations,[28] the Proposed Amended

---

[22] Response at 2-5.

[23] *Id*.

[24] Proposed Amended Complaint ¶¶ 41-42 at 5-6, 87-88 at 10.

[25] *Id*. ¶¶ 44-45 at 6, 48-50 at 6, 56-58 at 7, 64-66 at 7-8, 72-74 at 8, 84-85 at 9.

[26] *Id*. ¶¶ 84-85 at 9.

[27] *Id*. ¶¶ 51-53 at 6-7, 59-61 at 7, 67-69 at 8, 75-77 at 8.

[28] *Associated Wholesale Grocers, Inc.*, 130 F.3d at 1384.

Complaint states a plausible FDCPA claim. Defendants' unnecessary public disclosure of Plaintiffs' confidential and protected information may constitute an invasion of privacy which may be harassment or an unfair practice that violates the FDCPA.[29] And, among Plaintiffs' other alleged damages, the attorneys' fees and costs Plaintiffs incurred to have their confidential and protected information reclassified as private may constitute a concrete particularized injury to Plaintiffs.[30] Therefore, the Proposed Amended Complaint is not futile.

Plaintiffs' Motion to Amend is timely and justifiable. And Plaintiffs' Proposed Amended Complaint will not cause undue prejudice to Defendants and is futile. Therefore, Plaintiffs' Motion to Amend[31] is GRANTED. Consequently, Defendants' pending Motions to Dismiss[32] are MOOT.

---

[29] 15 U.S.C. §§ 1692d, 1692f.

[30] *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190, 2204 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III. Various intangible harms can also be concrete. . . . Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion."). It is reasonable to infer from the allegations that Plaintiffs would not have otherwise incurred these monetary damages because Plaintiffs defaulted in the state court debt collection proceedings. Proposed Amended Complaint ¶¶ 48 at 6, 56 at 7, 64 at 7, 72 at 8. Plaintiffs did not appear in the state courts proceedings, except to have their confidential and protected information reclassified as private. *Id.* ¶¶ 51 at 6, 59 at 7, 67 at 8, 75 at 8.

[31] Docket no. 23, filed July 16, 2021.

[32] Docket no. 5, filed Jan. 15, 2021; Docket no. 7, filed Jan. 15, 2021.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend[33] is GRANTED. Plaintiff is directed to file their Proposed Amended Complaint[34] by no later than September 20, 2021.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss[35] are MOOT. Defendants must answer or otherwise respond to the amended complaint within 14 days after its filing.

Signed September 13, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[33] Docket no. 23, filed July 16, 2021.

[34] Docket no. 23-1, filed July 16, 2021.

[35] Docket no. 5, filed Jan. 15, 2021; Docket no. 7, filed Jan. 15, 2021.