THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC and MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from Defendants alleged improper disclosure of Plaintiffs' confidential personal and protected health information in state court debt collection proceedings.[1] Plaintiffs assert (among other causes of action) a class claim for actual or statutory damages under the Utah Consumer Sales Practice Act ("UCSPA").[2] Defendants seek judgment on the pleadings regarding this class claim ("Defendants' Motions") on the ground that the claim, as alleged, is precluded by the UCSPA.[3]

---

[1] Amended Complaint ("Complaint"), docket no. 34, filed Sep. 13, 2021.

[2] *Id.* ¶¶ 90-102 at 10-11. Plaintiffs' class claim under the UCSPA also seeks injunctive relief. *Id*. This Memorandum Decision and Order does not address the claim insofar as it seeks injunctive relief.

[3] Defendant A-1 Collection Agency, LLC's Rule 12(c) Motion for Partial Judgment on the Pleadings ("A-1's Motion for Partial Judgment on the Pleadings") at 4, docket no. 44, filed Dec. 21, 2021; Motion for Partial Judgment on the Pleadings ("MVH Motion for Partial Judgment on the Pleadings") at 4-5, docket no. 45, filed Dec. 21, 2021 (collectively, "Defendants' Motions").

Because the UCSPA is not preempted by Fed. R. Civ. P. 23 and permits class claims for damages only under limited circumstances, and because Plaintiffs fail to allege sufficient facts to fall within those circumstances, Defendants' Motions[4] are GRANTED.

**Contents**
DISCUSSION ............................................................................................................................... 2
    I.    The UCSPA permits class claims for damages only under limited circumstances  2
    II.   UCSPA subsections (2) and (4)(a) are not preempted by Rule 23 ......................... 3
        A.   There is no direct conflict between UCSPA subsections (2) and (4)(a) and Rule 23 ................................................................................................... 5
        B.   UCSPA subsections (2) and (4)(a) are substantive laws ............................ 6
    III.  Plaintiffs fail to sufficiently allege a class claim for damages under the UCSPA 10
    IV.  Consideration of damages will not be delayed ...................................................... 11
CONCLUSION ........................................................................................................................... 11
ORDER ....................................................................................................................................... 12

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is evaluated under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[5] The complaint's factual allegations, viewed as true, must be sufficient to state a plausible claim for relief.[6] The allegations must be sufficient for the district court to draw a reasonable inference that the defendant is liable.[7] Recitation of a claim's elements and conclusory statements are insufficient.[8]

### I. The UCSPA permits class claims for damages only under limited circumstances

Under UCSPA subsection (2), "[a] consumer who suffers a loss as a result of a violation of this chapter may recover, *but not in a class action*, actual damages or $2,000, whichever is

---

[4] Docket no. 44, filed Dec. 21, 2021; docket no. 45, filed Dec. 21, 2021.

[5] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); Fed. R. Civ. P. 12(b)(6), (c).

[6] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[8] *Id.*

greater, plus court costs."[9] Nevertheless, UCSPA subsection (4)(a) further provides that a consumer may bring a class claim for "actual damages caused by an act or practice[:]"

> (1) "specified as violating this chapter by a rule adopted by the enforcing authority under Subsection 13-11-8(2) before the consumer transaction on which the action is based[;]"
>
> (2) "declared to violate Section 13-11-4 or 13-11-5 by a final judgment of the appropriate court or courts of general jurisdiction and appellate courts of this state that was either officially reported or made available for public dissemination under Subsection 13-11-7(1)(c) by the enforcing authority 10 days before the consumer transactions on which the action is based[;]" or
>
> (3) with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment which became final before the consumer transaction on which the action is based."[10]

Plaintiffs argue that their UCSPA class claim for damages is not precluded or limited by the UCSPA because the UCSPA is preempted by Fed. R. Civ. P. 23.[11] Alternatively, Plaintiffs argue that their class claim for damages falls within UCSPA subsection (4)(a) because Defendants violated a rule of the Utah's Division of Consumer Protection.[12] Plaintiffs also argue that consideration of damages should be deferred until a class certification motion is filed.[13] Each argument is addressed in turn.

## II.  UCSPA subsections (2) and (4)(a) are not preempted by Rule 23

In *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,[14] Justice Stevens, whose concurring opinion is controlling in the Tenth Circuit,[15] framed a two-part analysis to determine

---

[9] Utah Code Ann. § 13-11-19(2) (emphasis added).

[10] *Id.* § 13-11-19(4)(a).

[11] Plaintiff's Memorandum in Opposition to Defendants Moab Valley Healthcare, Inc. and A-1 Collection Agency LLC's Motion for Partial Judgment on the Pleadings ("Response") at 15-16, docket no. 49, filed Feb. 1, 2022.

[12] *Id.* at 18-19, 21-22.

[13] *Id.* at 2-21.

[14] 559 U.S. 393, 421 (2010) (Stevens, J., concurring).

[15] *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 983 n.6 (10th Cir. 2010).

when the Federal Rules of Civil Procedure preempt state law. First, courts must decide whether there is a "direct collision" between the federal rule and the state law.[16] A direct collision occurs when "the scope of the federal rule is 'sufficiently broad' to 'control the issue' before the court, 'thereby leaving no room for the operation' of seemingly conflicting state law."[17] "'If the state and federal rules "can exist side by side, . . . each controlling its own intended sphere of coverage," there is no conflict.'"[18]

If there is no direct conflict or collision, courts must look to *Erie R. Co. v. Tompkins*[19] to determine whether the state law is substantive or procedural—if the state law is procedural, then federal law will preempt; if substantive, then there is no federal preemption.[20] But if a direct conflict exists, courts must move to second step of the *Shady Grove* analysis.[21] Under the second step, preemption occurs when the federal rule "'represents a valid exercise' of 'rulemaking authority . . . [under] the Rules Enabling Act.'"[22] However, the federal rule must not "abridge, enlarge, or modify a substantive right."[23] A federal rule should not displace any state law that is "so intertwined with a state right or remedy that it functions to define the scope of the state-created right."[24]

---

[16] *Shady Grove*, 559 U.S. at 421.

[17] *Id.* (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)).

[18] *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805 at *1, *3 (D. Utah Nov. 6, 2018) (quoting *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1163 (10th Cir. 2017)).

[19] 304 U.S. 64 (1938).

[20] *Shady Grove*, 559 U.S. at 421.

[21] *Id.* at 422.

[22] *Id.* (quoting *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 5 (1987)).

[23] *Id.* (quoting 28 U.S.C. § 2072(b)).

[24] *Id.* at 423.

### A. There is no direct conflict between UCSPA subsections (2) and (4)(a) and Rule 23

There is no direct conflict between UCSPA subsections (2) and (4)(a) and Rule 23. In the District of Utah case *Callegari v. Blendtec, Inc.*, Judge Benson analyzed UCSPA subsection (4)(a) and found no conflict between the state law and Rule 23.[25] Taking into account the Supreme Court's "directive to avoid collision where possible,"[26] Judge Benson explained that "Rule 23 does not explicitly set forth exclusive procedural requirements for maintaining a class action."[27] The language in Rule 23 states that "[o]ne or more members of a class *may* sue or be sued as representative parties" if certain requirements are met.[28] UCSPA subsection (4)(a) does not preclude class actions, but rather provides substantive requirements for maintaining a class claim for actual damages.[29]

The same logic applies to UCSPA subsection (2). Unlike the statute analyzed in *Shady Grove*, UCSPA subsection (2) does not bar all class actions. Rather, subsection (2) creates a cause of action for actual or statutory damages while simultaneously limiting the scope of that claim.[30] This is clear when reading subsection (2) in conjunction with subsection (4)(a), which defines the scope of a class claim for damages. The substantive nature of subsections (2) and (4)(a) are further supported by the plain language of UCSPA subsection (3), which authorizes class actions for declaratory, injunctive, and other ancillary relief.[31]

---

[25] 2018 WL 5808805, *4.

[26] *Id*.

[27] *Id.*

[28] Fed. R. Civ. P. 23. (emphasis added).

[29] Utah Code Ann. § 13-11-19(4)(a).

[30] *Id*. § 13-11-19(2).

[31] *Id*. § 13-11-19(3).

UCSPA subsections (2) and (4)(a) and Rule 23 are capable of coexisting, each controlling its intended sphere. UCSPA subsections (2) and (4)(a) set forth the substantive elements of individual and class claims for damages. And Rule 23 sets forth procedural requirements for maintaining a class action in federal court, such as: numerosity, common questions of law or fact, typical claims or defenses, and fair and adequate protection of class interests.[32] UCSPA subsection (2) and (4)(a) are not procedural requirements that conflict with Rule 23. Because of the substantive nature of UCSPA subsections (2) and (4)(a) and the permissive language in Rule 23, there is no direct conflict between the federal rule and state law.

### B.  UCSPA subsections (2) and (4)(a) are substantive laws

Despite no direct conflict existing between UCSPA subsections (2) and (4)(a) and Rule 23, an *Erie* analysis must be conducted to determine the preemption question.[33] Under *Erie*, federal courts apply substantive state law and federal procedural law.[34] In determining whether a state law is substantive, courts "'must decide whether applying the law will significantly affect the outcome of the litigation.'"[35] A substantive law "'affect[s] recovery or non-recovery,'" and can be found when a "'state law creates a cause of action [and] defines the scope of that cause of action.'"[36]

Plaintiffs read UCSPA subsections (2) and (4)(a) separately and in isolation to argue that each is procedural.[37] Plaintiffs argue that the subsections do not "alter the burdens, defenses, or limitations otherwise available to the parties" but rather "only require[] that such actions be

---

[32] Fed. R. Civ. P. 23.

[33] *Shady Grove,* 559 U.S. at 421.

[34] *Id.* at 437 (quoting *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

[35] *Callegari,* 2018 WL 5808805, *4 (quoting *Racher,* 871 F.3d at 1164)

[36] *Id.*

[37] Response at 15-19.

litigated individually rather than together."[38] Plaintiffs' reading ignores basic standards of statutory construction and misconstrues the subsections' plain language.

By its plain language, UCSPA subsection (2) creates the cause of action for actual and statutory damages.[39] And by its plain language, UCSPA subsection (4)(a) sets forth substantive elements for a consumer to maintain a class claim for damages.[40] The two subsections must be read together, not in isolation. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."[41]

UCSPA subsections (2) and (4)(a), like the Ohio statute at issue in *McKinney v. Bayer Corp.*, "'[are] contained in the substantive rule itself, not in a separate procedural rule.'"[42] In *McKinney*, the district court declined to read a class action limitation and notice requirements separately.[43] The district court determined that "[t]he statutory provisions must be read in *pari materia*," and, in doing so, found that "they operate[d] together to establish one statutory scheme."[44] UCSPA subsections (2) and (4)(a) plainly work together (along with subsection (3) which authorizes class claims for declaratory, injunctive, and other ancillary relief) to operate as "one statutory scheme."[45] Subsection (2) creates the cause of action for actual and statutory

---

[38] *Id.* at 16.

[39] Utah Code Ann. § 13-11-19(2).

[40] *Id.* § 13-11-19(4)(a).

[41] *National Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007).

[42] 744 F. Supp. 2d 733, 746-47 (N.D. Ohio 2010) (quoting *Bearden v. Honeywell Int'l Inc.*, No. 3:09-1035, 2010 WL 3239285, *1, *10 (M.D. Tenn. Aug. 16, 2010)).

[43] *Id.* at 748.

[44] *Id.*

[45] *Id.*

damages, and subsection (4)(a) identifies substantive elements that allow the cause of action to be pursed as a class claim.

Plaintiffs rely heavily[46] on the Eleventh Circuit's opinion in *Lisk v. Number One Wood Preserving, LLC*,[47] and the District of Utah case *Roberts v. C.R. England, Inc*.[48] In *Lisk*, the Eleventh Circuit held that Alabama's Deceptive Trade Practices Act, which barred class actions, was preempted by Rule 23. The decision in *Lisk* has been rejected by many courts, "with most courts outside of that [C]ircuit implicitly or explicitly disagreeing with its interpretation of *Shady Grove* and its determination that there was 'no meaningful distinction' between CPLR Section 901 and the Alabama class action bar."[49] *Lisk* is not persuasive. UCSPA subsections (2) and (4)(a) are clearly distinguishable from the Alabama statute, which was a bar on *all* private individual class actions, placing it in direct conflict with Rule 23.[50] UCSPA subsections (2) and (4)(a) do not bar all private class actions, they limit the availability class claims for damages to certain factual circumstances.[51]

Plaintiffs reliance on *Roberts* is also misplaced. In *Roberts*, Judge Shelby found that a different subsection of the UCSPA directly conflicted with Rule 23 and was procedural, rather than substantive.[52] But the subsection at issue in *Roberts*, is clearly distinguishable from UCSPA subsections (2) and (4)(a). *Roberts* involved a UCSPA subsection regarding whether opt-in

---

[46] Response at 16, 19.

[47] 792 F.3d 1331-32 (2015).

[48] 321 F. Supp. 3d 1251 (D. Utah 2018).

[49] *Delgado v. Ocwen Loan Servicing, LLC*, No. 13CV4427NGGST, 2017 WL 5201079 at *1, *10 (E.D.N.Y. Nov. 9, 2017).

[50] *Lisk*, 792 F.3d at 1334.

[51] Utah Code Ann. § 13-11-19(2).

[52] *Roberts*, 321 F. Supp. 3d at 1256-59.

notice was required for class actions.[53] The UCSPA subsection and Rule 23 squarely conflicted—Rule 23 "categorically impose[d]" opt-in notice, while the UCSPA did not.[54] The language imposing opt-in notice was mandatory rather than permissive.[55] And in deciding whether the opt-in provision was substantive or procedural, Judge Shelby correctly observed that such a procedure did not "'define the dimensions of [the] claim itself.'"[56] The same cannot be said for UCSPA subsections (2) and (4)(a), which create the cause of action itself[57] and the substantive contours of a class claim for damages.[58]

Read together and in context, UCSPA subsections (2) and (4)(a) are substantive, not procedural. Therefore, under *Erie*, Rule 23 does not preempt UCSPA subsections (2) and (4)(a).[59]

Because Rule 23 does not preempt, the language of UCSPA subsections (2) and (4)(a) control whether Plaintiffs have alleged a plausible class claim for damages. Thus, to survive a motion for judgment on the pleadings, Plaintiffs' Complaint must contain sufficient factual allegations to plausibly meet the elements of a class claim for damages under UCSPA subsection (4)(a).[60]

---

[53] *Id.* at 1254.

[54] *Id.*

[55] Fed. R. Civ. P. 23.

[56] *Roberts*, 321 F. Supp. 3d at 1257 (quoting *Shady Grove*, 559 U.S. at 433-34).

[57] Utah Code Ann. § 13-11-19(2).

[58] *Id.* § 13-11-19(4)(a).

[59] Even under the second step of the *Shady Grove* analysis, Rule 23 would not preempt state law because UCSPA subsections (2) and (4)(a) are "so intertwined with a state right or remedy that [they] function[] to define the scope of the state-created right." 559 U.S. at 423.

[60] *Twombly*, 550 U.S. at 545.

### III.   Plaintiffs fail to sufficiently allege a class claim for damages under the UCSPA

Plaintiffs argue that their Complaint contains sufficient allegations to maintain a class action under UCSPA subsection (4)(a).[61] Specifically, Plaintiffs argue that Defendants violated Utah's Division of Consumer Protection Rule 152-11-5.[62] Rule 152-11-5 provides that "[i]t shall be a deceptive act or practice in connection with a consumer transaction . . . for a supplier to fail to obtain the consumer's express authorization for any . . . amendments to the parties' contract."[63] Plaintiffs argue that, by disclosing medical information without their express permission, Defendants impermissibly amended the parties' contracts.[64]

However, Plaintiffs' Complaint does not allege facts suggesting that Defendant's conduct amended the parties' contracts or constituted a violation of Rule 152-11-5. And Plaintiffs' reference to such an amendment and violation of the Rule appears only in Plaintiff's Response to Defendants' Motions.[65] This appears to be nothing more than a last-ditch attempt to avoid dismissal of the UCSPA class claim for damages by making the Complaint a moving target. The effort fails.

The contracts between Plaintiffs and Defendants state that "'[a]ll other disclosures of your medical information will only be made with your written permission.'"[66] The alleged unauthorized disclosure of medical information may amount to a breach of the contracts, but such disclosure, alone, is insufficient to allow for reasonable inference that Defendants impermissibly amended the parties' contracts. Plaintiffs allege no facts to plausibly suggest that

---

[61] Response at 21-22.

[62] *Id.* at 21.

[63] Utah Admin. Code § 152-11-5(B)(3).

[64] Response at 22.

[65] *Id.* at 21-22.

[66] *Id.* at 22 (quoting Exhibit A).

Defendants sought to and did impermissibly amend the contracts in violation of Utah's Division of Consumer Protection Rule 152-11-5. And Plaintiffs point to no allegations within the Complaint that would otherwise meet the elements for a class claim for damages under UCSPA subsection (4)(a). Therefore, Plaintiffs' Complaint fails to allege sufficient facts to support a plausible class claim for damages under UCSPA subsection (4)(a).

### IV.   Consideration of damages will not be delayed

Finally, Plaintiffs cite several non-binding authorities to argue that the consideration of damages should be delayed until a class certification motion is filed.[67] However, in the District of Utah case *Johnson v. Blendtec*, which analyzed UCSPA subsection (4)(a), Judge Parrish expressly rejected this argument.[68] Judge Parrish concluded that "[b]ecause the requirements of the UCSPA are clear and [the plaintiffs'] allegations fail to satisfy them, . . . it [is] appropriate to decide the issue at [the motion to dismiss stage]."[69]

Because Plaintiffs' Complaint fails to sufficiently allege the substantive requirements for stating a class claim for damages under UCSPA subsection (4)(a), there is no reason to delay consideration of the lack of damages.

### CONCLUSION

Ultimately, because there is no direct conflict with Rule 23 and UCSPA subsections (2) and (4)(a) are substantive, there is no federal preemption. And because Plaintiffs' Complaint fails to allege sufficient facts to meet the required elements of a class claim for damages under

---

[67] *Id.* at 20-21.
[68] *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1286-87 (D. Utah 2020).
[69] *Id.* at 1286.

UCSPA subsection (4)(a), judgment on the pleadings is appropriate. Defendants' Motions[70] are GRANTED.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motions[71] are GRANTED. Plaintiffs' class claim for actual and statutory damages under the UCSPA[72] is DISMISSED without prejudice. This Order does not affect Plaintiffs' class claim seeking injunction under the UCSPA.[73]

Signed May 16, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[70] Docket no. 44, filed Dec. 21, 2021; docket no. 45, filed Dec. 21, 2021.

[71] Docket no. 44, filed Dec. 21, 2021; docket no. 45, filed Dec. 21, 2021.

[72] Complaint ¶¶ 90-102 at 10-11.

[73] *Id*.