IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, JOSH BURT, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated,<br><br>                         Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC and MOAB VALLEY HEALTHCARE, INC.,<br><br>                         Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING DOCKET TEXT ORDER DENYING PLAINTIFF JOSH BURT'S MOTION FOR A PROTECTIVE ORDER**<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

    The Docket Text Order[1] ("Docket Text Order") issued by United States Magistrate Judge Kohler April 28, 2022 denied Plaintiff Josh Burt's Motion For a Protective Order ("Motion for Protective Order").[2] The Docket Text Order summarily denies the Motion for Protective Order and is based on the findings, reasoning, and conclusions made on the record by Judge Kohler in proceedings held on April 28, 2022.[3] On May 11, Plaintiff Josh Burt ("Mr. Burt") filed Plaintiff's Objection to Magistrate Judge's Recommendation to Deny Josh Burt's Motion for a Protective Order ("Objection").[4] Under the local rules, "a response need not be filed" to an objection to a magistrate judge's order unless "ordered by the district judge."[5]

---

[1] Docket no. 74, filed April 28, 2022; *see also* Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 72, filed April 28, 2022.

[2] Docket no. 60, filed April 22, 2022.

[3] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler, docket no. 72, filed April 28, 2022.

[4] Docket no. 80, filed May 11, 2022.

[5] DUCivR 72-3.

De novo review has been completed of the parties briefing, the record that was before Judge Kohler, and the April 28, 2022 proceedings before Judge Kohler, including the findings and conclusions to which objection was made.

- The parties' Joint Deposition plan filed February 1, 2022 included a plan to depose Mr. Burt and the other named plaintiffs on issues related to class certification in March.[6]

- On March 11, 2022, counsel for Moab Valley Healthcare, Inc. ("MVH") asked Plaintiffs' counsel for dates for a deposition of Mr. Burt.

- On April 6, 2022, counsel for Mr. Burt told MVH counsel that Mr. Burt no longer wanted to remain a part of the case actively and asked for a stipulation to a dismissal without prejudice. MVH would not agree to a dismissal unless it was with prejudice.

- On April 19, 2022, MVH noticed Mr. Burt's deposition for May 4, 2022. The deposition is now set for May 27, 2022 at 9:30 AM in Moab, Utah. Depositions for Plaintiffs John Fullmer and Sabrina Provo are currently planned for May 26, 2022, also in Moab, Utah.[7]

- On April 19, 2022, Mr. Burt filed Josh Burt's Rule 41 Motion for Voluntary Dismissal ("Motion to Dismiss").

- On April 22, 2022, Mr. Burt filed a Motion for Protective Order.

- On April 27, 2022, MVH filed an opposition to the Motion for Protective Order.

- On April 28, 2022, Judge Kohler held a hearing and denied Mr. Burt's Motion for Protective Order making findings on the record.

- On May 11, Mr. Burt filed his Objection.

- The deadline to file a motion for class certification is May 20, 2022.[8]

- Fact discovery on class certification issues closes June 3, 2022.[9]

---

[6] Docket no. 48, filed February 1, 2022.

[7] *See* Motion to Compel Plaintiff Josh Burt to Sit for Deposition, docket no. 78, filed May 10, 2022.

[8] Docket no. 81, filed May 12, 2022.

[9] *Id.*

In his Objection, Mr. Burt seeks a stay of his deposition until the court resolves his pending  Rule 41 Motion for Voluntary Dismissal ("Motion to Dismiss").[10] Mr. Burt's Objection asserts that because he is seeking voluntary dismissal, the court should treat him as an absent class member and order discovery from him only if the information sought from him is not available from another named plaintiff.[11] Mr. Burt argues that Judge Kohler's order is contrary to law because Judge Kohler did not use the absent class member standard and did not identify specific information that could not be obtained from depositions of the other named plaintiffs.[12]

The absent class member standard used in some jurisdictions to evaluate discovery of unnamed plaintiffs requires discovery to be made in good faith, not be burdensome, be relevant to class-wide issues, and not be otherwise available from a named plaintiff.[13]Mr. Burt claims that the withdrawing plaintiff standard is the same as the absent class member standard and is supported by trial court opinions from other districts.[14] While it is true that courts in some jurisdictions have required defendants seeking discovery of withdrawing plaintiffs to satisfy a heavy burden,[15] only the *Avon*[16] case even mentions the absent member class standard, and none of Mr. Burt's cited cases go through the four factors of the absent class member standard Mr. Burt insists be used.[17]

---

[10] Docket no. 56, filed April 19, 2022, at 1.

[11] Objection at 4-5.

[12] Objection at 7.

[13] *See e.g. In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Pracs. Litig.*, No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014).

[14] Objection at 4-5.

[15] *See e.g. In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004).

[16] , No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014).

[17] *See e.g. Click v. Gen. Motors LLC*, No. 2:18-CV-455, 2021 WL 3634695, at *4 (S.D. Tex. Mar. 23, 2021).

In sum, Mr. Burt fails to identify any *controlling authority* that *required* Judge Kohler to use a particular standard in his analysis. While some courts have used a heightened standard in evaluating discovery of absent class members or withdrawing parties, it has been recognized by one opinion in this district that there is "[n]o controlling authority [that] provides the standard when a party seeks discovery of absent class members."[18] Moreover, no controlling authority in this circuit requires a party seeking withdrawal to be treated like an absent class member. And while Mr. Burt cites to a case limiting discovery of a withdrawing party,[19] there are also cases that have permitted the depositions of withdrawing named class members and rejected the use of the absent member standard.[20]

Mr. Burt also asserts that Judge Kohler based his decision on the potential costs Defendants might incur if they needed to travel to Moab a second time to depose Mr. Burt.[21] However, that is not the basis Judge Kohler articulated on the record. Instead, Judge Kohler focused primarily on Mr. Burt's current status as a named plaintiff and secondarily on the timing of Mr. Burt's Motion to Dismiss that occurred after Mr. Burt's deposition was sought and right before the close of discovery and his scheduled deposition.[22] Judge Kohler found the timing of the withdrawal would upset the timing of the case.[23] And it is clear Judge Kohler did not rely on the potential expense of a second trip to Moab to justify Mr. Burt's deposition because he

---

[18] *Roberts v. C.R. England, Inc.*, No. 212CV00302RJSBCW, 2018 WL 3586562, at *1 (D. Utah May 22, 2018).

[19] Objection at 5.

[20] *Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-CV-02757-WYD-KMT, 2011 WL 5865059, at *2 (D. Colo. Nov. 22, 2011); *Dysthe v. Basic Rsch.*, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011).

[21] Objection at 7.

[22] Audio recording of Proceedings Held Before Magistrate Judge Paul Kohler of April 28, 2022 at 33:02–34:25.

[23] *Id.*

ordered Mr. Burt's deposition to be taken in Sandy as noticed unless the parties agreed to a deposition in Moab.[24]

Plaintiff failure to identify any controlling authority that contradicts Judge Kohler's order coupled with the significant discretion trial courts are given over discovery in circumstances such as this[25] does not create a "definite and firm conviction that a mistake" has occurred as is required to reverse Judge Kohler's decision.[26] The analysis and conclusion of Magistrate Judge Kohler are not "clearly erroneous or . . . contrary to law."[27] Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Docket Text Order denying the Motion for Protective Order[28] is adopted.

## ORDER

IT IS HEREBY ORDERED that the Objection is OVERRULED and the Docket Text Order denying the Motion for Protective Order[29] is ADOPTED. Plaintiff Josh Burt is ORDERED to sit for his deposition as currently noticed.

Dated May 20, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[24] *Id.*

[25] *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017).

[26] *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

[27] Fed. R. Civ. P. 72(a).

[28] Docket no. 74, filed April 28, 2022.

[29] *Id.*