THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>A-1 COLLECTION AGENCY, LLC, and MOAB VALLEY HEALTHCARE, INC., <br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RULE 56(d) MOTION AND DENYING WITHOUT PREJUDICE MOTIONS FOR SUMMARY JUDGMENT** <br><br>Case No. 4:20-cv-00143-DN-PK <br><br>District Judge David Nuffer |

Plaintiffs, on behalf of themselves and all others similarly situated, initiated this action to seek recourse for the alleged improper public disclosure of confidential personal and protected health information in state court debt collection proceedings.[1] Defendants seek summary judgment on Plaintiffs' claims based on Petition Clause immunity and Utah's judicial proceedings privilege ("Motions for Summary Judgment").[2] Plaintiffs responded to the legal arguments raised in Motions for Summary Judgment,[3] and filed a motion to permit discovery to allow them to adequately respond the assertions of material facts within the Motions for Summary Judgment ("Rule 56(d) Motion").[4]

---

[1] Amended Complaint, docket no. 34, filed Sept. 13, 2021.

[2] Defendant A-1 Collection Agency, LLC's Motion for Summary Judgment, docket no. 99, filed Aug. 15, 2022; Motion for Summary Judgment, docket no. 102, filed Aug. 15, 2022 (collectively, "Motions for Summary Judgment").

[3] Plaintiffs' Joint Opposition to Defendant A-1 Collection Agency and Moab Valley Healthcare's Motions for Summary Judgment, docket no. 110, filed Sept. 12, 2022.

[4] Plaintiffs' Motion to Delay Consideration of Motion for Summary Judgment Pursuant to FRCP 56(d) ("Rule 56(d) Motion"), docket no. 111, filed Sept. 12, 2022.

Because the parties agreed to phased discovery,[5] and merits discovery has not yet occurred under the governing scheduling order,[6] Plaintiffs' Rule 56(d) Motion[7] is GRANTED, and Defendants' Motions for Summary Judgment[8] are DENIED without prejudice.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[10] or "if a reasonable jury could return a verdict for the nonmoving party."[11] A fact is material if "it is essential to the proper disposition of [a] claim."[12] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[13]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[14] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a

---

[5] Rule 26(f) Attorney Planning Meeting Report ¶ 2.b. at 2, docket no. 40, filed Oct. 26, 2021.

[6] Second Amended Scheduling Order at 2, docket no. 81, filed May 12, 2022.

[7] Docket no. 111, filed Sept. 12, 2022.

[8] Docket no. 99, filed Aug. 15, 2022; docket no. 102, filed Aug. 15, 2022.

[9] FED. R. CIV. P. 56(a).

[10] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[11] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[12] *Adler*, 144 F.3d at 670.

[13] *Id.*

[14] *Id.* at 670-71.

*genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[15] However, FED. R. CIV. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Defendants seeks summary judgment based on Petition Clause immunity and Utah's judicial proceedings privilege.[16] Defendants previously raised the same arguments in motions to dismiss.[17] The motions to dismiss were taken under advisement to allow for supplemental briefing on a jurisdictional issue,[18] and were ultimately found moot based on Plaintiff being given leave to file an amended complaint.[19] Nevertheless, a preliminary assessment of the arguments raised in the motions to dismiss was provided when the motions were taken under advisement.[20]

The preliminary assessment indicated that Petition Clause immunity does not appear to be applicable in this case.[21] This is because such immunity is not absolute, and Plaintiffs' allegations, on their face, are not challenging the propriety of Defendants' state court complaints.[22] Rather, the allegations challenge the propriety of Defendants' conduct within the

---

[15] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[16] Motions for Summary Judgment.

[17] Defendant A-1 Collection Agency, LLC's Rule 12(b)(6) Motion to Dismiss, docket no. 5, filed Jan. 15, 2021; Motion to Dismiss, docket no. 7, filed Jan. 15, 2021.

[18] Order Taking Under Advisement Motions to Dismiss and for Supplemental Briefing, docket no. 21, filed July 6, 2021.

[19] Memorandum Decision and Order Granting Motion for Leave to Amend Complaint and Finding as Moot Motions to Dismiss, docket no. 33, filed Sept. 13, 2021.

[20] Order Taking Under Advisement Motions to Dismiss and for Supplemental Briefing at 2-4, 6-7.

[21] *Id*. at 2-4.

[22] *Id*. at 3.

state court proceedings.[23] But the preliminary assessment recognized that further factual development may lead to a different result.[24] The preliminary assessment also indicated that factual issues precluded application of Utah's judicial proceedings privilege under the FED. R. CIV. P. 12(b)(6) standard of review.[25] Thus, the applicability of Petition Clause immunity and Utah's judicial proceedings privilege to this case is dependent on the facts of the case. And the legal analysis set forth in the preliminary assessment has not changed.

Summary judgment is an appropriate vehicle to resolve the applicability of Petition Clause immunity and Utah's judicial proceedings privilege to Plaintiffs' claims where sufficient undisputed material facts are presented. Defendants' Motions for Summary Judgment assert several facts directed at the merits of Defendants' defenses, as well as Plaintiffs' claims.[26] Plaintiffs argue in their Rule 56(d) Motion that they cannot adequately respond to Defendants' asserted facts and arguments at this time because merits discovery has not yet occurred.[27] The Rule 56(d) Motion is supported by a declaration of counsel which identifies Defendants' asserted facts and arguments for which discovery is needed to adequately respond;[28] the specific discovery that counsel believes will lead to evidence that will allow for adequate response;[29] and the specific reasons for why such discovery has not yet occurred.[30]

---

[23] *Id*. at 3-4,

[24] *Id*. at 4.

[25] *Id*. at 6-7.

[26] Defendant A-1 Collection Agency, LLC's Motion for Summary Judgment ¶¶ 1-16 at 3-6.

[27] Rule 56(d) Motion at 2-5.

[28] Declaration in Support of Plaintiffs' Motion to Delay Consideration of Motion for Summary Judgment Pursuant to FRCP 56(d) ¶ 3 at 2, docket no. 111-1, filed Sept. 12, 2022.

[29] *Id*. ¶ 4 at 2-3.

[30] *Id*. ¶ 5 at 3.

Counsel's declaration complies with the requirements of FED. R. CIV. P. 56(d), and Plaintiffs are entitled to relief permitted under FED. R. CIV. P. 56(d). Plaintiffs' Rule 56(d) Motion requests that consideration of Defendants' Motions for Summary Judgment be delayed until Plaintiffs have had an opportunity to conduct merits discovery.[31] This request is appropriate, but given the procedural posture of the case, does not readily lead to the setting of a specific deadline for Plaintiffs to file a supplemental response to the Motions for Summary Judgment.

The parties have agreed that discovery is necessary on all claims and defenses.[32] And the parties jointly proposed a schedule consisting of phased discovery:

> Discovery will be conducted in two phases. First, class-related discovery on issues relevant to class certification under Rule 23(c). Second, merits-related discovery after the [c]ourt decides whether to certify the action as a class action.[33]

The proposal was adopted in the initial scheduling order,[34] and is reflected in the governing scheduling order:

> The court will enter a scheduling order for merits-related discovery after deciding the motion for class certification.
>
> Within 14 days after an order determining the motion for class certification is entered, the parties will meet, confer, and jointly file a proposed scheduling order for merits-related discovery.[35]

At this time, Plaintiffs have filed a motion for class certification,[36] which remains pending.

---

[31] Rule 56(d) Motion at 1, 5.

[32] Rule 26(f) Attorney Planning Meeting Report ¶ 2.a. at 2, docket no. 40, filed Oct. 26, 2021.

[33] *Id*. ¶ 2.b. at 2.

[34] Scheduling Order ¶ 2 at 2, docket no. 41, filed Oct. 28, 2021.

[35] Second Amended Scheduling Order at 2, docket no. 81, filed May 12, 2022.

[36] Plaintiffs Sean McIntyre and Sabrina Provo's Motion to Certify a Class, docket no. 91, filed May, 27, 2022.

Fashioning appropriately specific relief for Plaintiffs' Rule 56(d) Motion is made difficult by the premature filing of Defendants' Motions for Summary Judgment, which address merits-related issues despite the parties having agreed and it being ordered that no merits discovery would occur prior to a determination on class certification. Defendants' premature filings do not warrant altering the agreed schedule. Nor is it appropriate to speculate regarding a sufficient deadline for Plaintiffs to file a supplemental response to the Motions for Summary Judgment.

Rather, it is appropriate under the circumstances to deny Defendants' Motions for Summary Judgment without prejudice. Defendants may then file renewed summary judgment motions, if appropriate, after an order is entered on Plaintiffs' motion for class certification and sufficient time has passed from the entry of a scheduling order providing for merits-related discovery. Such relief is consistent with the parties' agreed scheduling for the case and the governing scheduling order, and will permit Plaintiffs to conduct merits-related discovery before having to respond to any renewed summary judgment motion. Therefore, Plaintiffs' Rule 56(d) Motion[37] is GRANTED, and Defendants' Motions for Summary Judgment[38] are DENIED without prejudice.

---

[37] Docket no. 111, filed Sept. 12, 2022.

[38] Docket no. 99, filed Aug. 15, 2022; docket no. 102, filed Aug. 15, 2022.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Rule 56(d) Motion[39] is GRANTED, and Defendants' Motions for Summary Judgment[40] are DENIED without prejudice. Defendant may file renewed summary judgment motions, if appropriate, after an order is entered on Plaintiffs' motion for class certification and sufficient time has passed from the entry of a scheduling order providing for merits-related discovery.

IT IS FURTHER ORDERED that before April 14, 2023, the parties shall meet, confer, and file a motion for entry of scheduling order providing for merits-related discovery.

Signed March 29, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[39] Docket no. 111, filed Sept. 12, 2022.

[40] Docket no. 99, filed Aug. 15, 2022; docket no. 102, filed Aug. 15, 2022.