THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC, and MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO DISMISS WITHOUT PREJUDICE**<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Judge David Nuffer |

Plaintiffs, on behalf of themselves and all others similarly situated, initiated this action to seek recourse for the alleged improper public disclosure of confidential personal and protected health information in state court debt collection proceedings.[1] Defendants seek dismissal of Plaintiffs' equitable claims for declaratory and injunctive relief arguing that Plaintiffs' lack standing because the claims are moot ("Motions to Dismiss").[2]

Because it is premature to consider Defendants' asserted facts that intertwine with the merits of the case, and because Defendants' remaining facts fail to establish that Plaintiffs' equitable claims for declaratory and injunctive relief are moot, Defendant's Motions to Dismiss[3] are DENIED without prejudice.

---

[1] Amended Complaint, docket no. 34, filed Sept. 13, 2021.

[2] Defendant A-1 Collection Agency, LLC's Rule 12(b)(1) Motion to Dismiss Equitable Relief Claims for Lack of Standing ("A-1's Motion"), docket no. 98, filed Aug. 15, 2022; Motion to Dismiss Equitable Claims for Lack of Standing, docket no. 101, filed Aug. 15, 2022 (collectively, "Motions to Dismiss").

[3] Docket no. 98, filed Aug. 15, 2022; docket no. 101, filed Aug. 15, 2022.

# DISCUSSION

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms[:]" (1) a facial attack on the sufficiency of the complaint; and (2) a factual attack that goes beyond the complaint's allegations to challenge the facts upon which subject matter jurisdiction depends.[4] For a facial attack, the allegations in the complaint are accepted as true.[5] But on a factual attack, the truthfulness of the complaint's factual allegations is not presumed.[6]

Defendants Motions to Dismiss are factual attacks to subject matter jurisdiction over Plaintiffs' equitable claims for declaratory and injunctive relief. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7] "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[8] "However, a court is required to convert a Rule 12(B)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[9] "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."[10]

Defendants' Motions to Dismiss include factual assertions that intertwine with the merits of the case. These facts relate to the knowledge, conduct, and state of mind of A-1 Collection

---

[4] *Holt v. United States*, 46 F.3d 1000, 1002-1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[5] *Id*. at 1002.

[6] *Id*. at 1003.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*.

Agency, LLC's ("A-1") counsel that made the allegedly improper public filings of Plaintiffs' confidential and protected information ("merits-related facts").[11] But Defendants also assert facts that are not intertwined with the merits of the case. These facts include that the publicly filed confidential and protected information in the state court cases against Plaintiffs has been made private;[12] that A-1 has chosen not to file any additional collection lawsuits in the State of Utah;[13] and that A-1 has implemented procedures to ensure future filings of such information are redacted ("nonmerits-related facts").[14] These two types of facts are addressed separately.

### It is premature to consider Defendants' merits-related facts

Consideration of Defendants' merits-related facts would require conversion of the Motions to Dismiss into motions for summary judgment.[15] But doing so would present the same procedural issue that was addressed in the recent order that granted Plaintiffs' motion under Rule 56(d) and denied without prejudice Defendants' motions for summary judgment ("Order Denying Summary Judgment").[16] Defendants made similar factual assertions in their summary judgment motions to their merits-related facts in the Motions to Dismiss.[17] The Order Denying Summary Judgment determined that Plaintiffs had not had the opportunity to adequately respond to Defendant's factual assertions and denied Defendants' summary judgment motions under Rule 56(d) as premature.[18] The parties agreed and it has been ordered that no merits-related

---

[11] *Id*. ¶¶ 3-9 at 3-5.

[12] A-1's Motion ¶¶ 11-14 at 5-6.

[13] *Id*. ¶ 10 at 5.

[14] *Id*. ¶ 15 at 6.

[15] *Holt*, 46 F.3d at 1003.

[16] Memorandum Decision and Order Granting Rule 56(d) Motion and Denying Without Prejudice Motions for Summary Judgment ("Order Denying Summary Judgment"), docket no. 124, filed Mar. 30, 2023.

[17] *Compare* Defendant A-1 Collection Agency, LLC's Motion for Summary Judgment ¶¶ 6-13 at 4-6, docket on. 99, filed Aug. 15, 2022, *with* A-1's Motion ¶¶ 3-9 at 3-5.

[18] Order Denying Summary Judgment at 5-6.

discovery would occur prior to a determination on class certification, which has not yet occurred.[19]

Converting Defendants' Motions to Dismiss into motions for summary judgment would place Plaintiffs in the same situation where they would be required to respond to Defendants' merits-related facts without having the opportunity to conduct merits-related discovery. Therefore, it is appropriate to deny the Motions to Dismiss without prejudice regarding Defendants' arguments that rely on the merits-related facts. Such arguments and facts may be raised by subsequent motion, if appropriate, after an order is entered on Plaintiffs' motion for class certification[20] and sufficient time has passed from the entry of a scheduling order providing for merits-related discovery.

### Defendants nonmerits-related facts fail to establish mootness

Defendants' nonmerits-related facts do not require conversion of the Motions to Dismiss and are considered under Rule 12(b)(1).[21]

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[22] "This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome."[23] "Once a

---

[19] *Id*. at 6.

[20] Plaintiffs Sean McIntyre and Sabrina Provo's Motion to Certify a Class, docket no. 91, filed May 27, 2022.

[21] *Holt*, 46 F.3d at 1002-1003.

[22] *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

[23] *Id*.

controversy ceases to exist, the action is moot and [the] court lacks jurisdiction to adjudicate the matter."[24]

"The crucial question is whether granting a present determination of the issues offered will have some effect in the real world."[25] "Put another way, a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision."[26] For equitable claims seeking declaratory and injunctive relief, the district court must "look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment [or injunction]."[27] "[A] plaintiff's continued susceptibility to injury must be reasonably certain [because] a court will not entertain a claim for [declaratory or] injunctive relief where the allegations take it into the area of speculation and conjecture."[28] There must remain "some dispute which affects the behavior of the defendant toward the plaintiff."[29]

The party asserting that the controversy is moot "bears the burden of coming forward with the subsequent events that have produced that alleged result."[30] "But a court will not dismiss a case as moot if: (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the

---

[24] *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (internal quotations and punctuation omitted).

[25] *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000).

[26] *Ind v. Colorado Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotations omitted).

[27] *Chihuahuan Grasslands All.*, 545 F.3d at 891.

[28] *Burnett v. Fallin*, 785 Fed. App'x 546, 551 (10th Cir. 2019) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011).

[29] *Id*. (quoting *Jordan*, 654 F.3d at 1025).

[30] *Greater Yellowstone Coal. v. Tidwell*, 572 F.3d 1115, 1121 (10th Cir. 2009) (internal quotations omitted).

defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."[31]

Defendants' nonmerits-related facts implicate the voluntary cession exception to mootness. "This exception is based on the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior."[32] "In other words, this exception exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct."[33]

"Voluntary actions may . . . moot litigation if two conditions are satisfied: (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[34] And "[v]oluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction."[35] A defendant bears a "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again."[36]

Defendants' nonmerits-related facts fail to meet this burden. The publicly filed confidential and protected information in the state court cases against Plaintiffs has been made private.[37] But Defendants have not presented evidence that the state court judgments against Plaintiffs have been satisfied, or that a debtor-creditor relationship no longer exists with

---

[31] *Ind*, 801 F.3d at 1213 (internal quotations omitted).

[32] *Chihuahuan Grasslands All.*, 545 F.3d at 892 (internal quotations omitted).

[33] *Id*.

[34] *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (internal quotations omitted).

[35] *Id*. (internal quotations omitted).

[36] *Id*. at 1116 (internal quotations omitted).

[37] A-1's Motion ¶¶ 11-14 at 5-6.

Plaintiffs.[38] In the absence of such evidence, it reasonable to anticipate post-judgment proceedings to collect on the state court judgments (including seeking writs of garnishment or attachment and renewal of judgment). And it is not speculative that Defendants would make filings in such post-judgment proceedings that contain Plaintiffs' confidential and protected information.

Additionally, Defendants assert that A-1 has chosen not to file any additional collection lawsuits in the State of Utah.[39] But whether A-1 files new collections lawsuits against Plaintiffs does not suggest that A-1 is no longer acting as the plaintiff in the state court lawsuits from which its debtor-creditor relationship with Plaintiffs (and the alleged improper conduct that forms the basis for Plaintiffs' equitable claims in this case) stems. And Defendants' assertion that A-1 has implemented procedures to ensure future filings containing confidential and protected information are redacted is vague and conclusory.[40] Defendants present no evidence identifying any actual policy or procedure that A-1 has implemented for such assurance.

On this record, Defendants fail to establish that the challenged conduct for Plaintiffs' equitable claims for declaratory and injunctive relief cannot reasonably be expected to start up again. Therefore, Defendants' Motions to Dismiss[41] are DENIED without prejudice.

---

[38] In their reply brief, Defendants for the first time asserted that Plaintiff Sean McIntyre has paid off the debt owed to Defendants. Defendants' Joint Reply Memorandum in Further Support of Rule 12(b)(1) Motion to Dismiss Equitable Relief Claims for Lack of Standing n.4 at 3, docket no. 116, filed Sept. 26, 2022 (citing Deposition of Sean McIntyre dated May 3, 2022 at 26:12-14, docket no. 116-1, filed Sept. 26, 2022). Plaintiffs did not have the opportunity to respond to this fact. And the fact and cited evidence suggest, but do not establish that the judgment against Sean McIntyre has been satisfied.

[39] A-1's Motion ¶ 10 at 5.

[40] *Id*. ¶ 15 at 6.

[41] Docket no. 98, filed Aug. 15, 2022; docket no. 101, filed Aug. 15, 2022.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss[42] are DENIED without prejudice.

Signed March 31, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[42] Docket no. 98, filed Aug. 15, 2022; docket no. 101, filed Aug. 15, 2022.