THE UNITED STATE DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, SEAN MCINTYRE, SABRINA PROVO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC, and MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY CLASS**<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Judge David Nuffer |

Plaintiffs, on behalf of themselves and all others similarly situated, initiated this action to seek recourse for the alleged improper public disclosure of confidential personal and protected health information in state court debt collection proceedings.[1] Plaintiffs assert claims for violation of the Fair Debt Collection Act ("FDCPA"); violation of the Utah Consumer Sales Practices Act ("UCSPA"); invasion of privacy; and negligence.[2] Plaintiffs Sean McIntyre and Sabrina Provo ("Representative Plaintiffs") seek certification of a class and subclass regarding Defendants' liability, reserving whether damages should be decided at an individual or class level after completion of merits discovery ("Motion to Certify Class").[3]

Because the Representative Plaintiffs establish the necessary requirements of FED. R. CIV. P. 23 for conditional certification of a class for purposes of determining Defendants' liability,

---

[1] Amended Complaint, docket no. 34, filed Sept. 13, 2021.

[2] *Id*. ¶¶ 78-113 at 9-13.

[3] Plaintiffs Sean McIntyre and Sabrina Provo's Motion to Certify a Class ("Motion to Certify Class"), docket no. 91, filed May 27, 2022.

their Motion to Certify Class[4] is GRANTED in part. However, because the Representative

Plaintiffs fail to establish the numerosity requirement of FED. R. CIV. P. 23(a)(1) for their

proposed FDCPA subclass, the Motion to Certify Class[5] is DENIED in part without prejudice.

**Contents**

DISCUSSION ................................................................................................................. 2

    The proposed Utah class satisfies numerosity, but the Representative Plaintiffs fail to establish numerosity for proposed FDCPA subclass ..................................... 5

        The proposed Utah class satisfies the numerosity requirement for conditional certification regarding Defendants' liability ................................................. 7

        The Representative Plaintiffs fail to establish numerosity for their proposed FDCPA subclass ................................................................................. 8

    The proposed Utah class satisfies commonality for conditional certification regarding Defendants' liability ................................................................................. 9

    The Representative Plaintiffs' claims are typical of the proposed Utah class .................. 12

    The Representative Plaintiffs and their counsel are adequate representatives and counsel for the proposed Utah class ..................................................................... 14

    Common questions among the proposed Utah class are predominant and a class action is superior for determining Defendants' liability ..................................... 17

    The Representative Plaintiffs' counsel, Daniel M. Baczynski and Troy Kent Walker, are appointed as class counsel ..................................................................... 21

ORDER ....................................................................................................................... 22

## DISCUSSION

"The class action is an exception to the usual rule that litigation is conducted by and on

behalf of the individual named parties only."[6] "In order to justify a departure from that rule, a

class representative must be part of the class and possess the same interest and suffer the same

injury as the class members.[7] FED. R. CIV. P. 23 "sets forth the prerequisites to class

certification."[8] Rule 23(a) requires the party seeking certification to demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable
> (numerosity); (2) there is a question of law or fact common to the class

---

[4] Docket no. 91, filed May 27, 2022.

[5] *Id*.

[6] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotations omitted).

[7] *Id*. at 348-49 (internal quotations omitted).

[8] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013).

(commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).[9]

"[These] four requirements . . . effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."[10] In other words, the Rule 23(a) requirements "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."[11]

But even if the requirements of Rule 23(a) are established, a class action may not be maintained unless the party seeking certification also satisfies at least one of the following requirements of Rule 23(b):

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members . . . or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications[;]
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [(predominance)], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [(superiority)].[12]

The requirements of Rule 23 are not "a mere pleading standard."[13] "A party seeking class certification must affirmatively demonstrate [its] compliance with the Rule—that is, [the party] must be prepared to prove that there are *in fact* sufficiently numerous parties, common question

---

[9] *Id*. (citing FED. R. CIV. P. 23(a)).

[10] *Dukes*, 564 U.S. at 349 (internal quotations omitted).

[11] *Id*.

[12] FED. R. CIV. P. 23(b)(3); *XTO Energy, Inc.*, 725 F.3d at 1217.

[13] *Dukes*, 564 U.S. at 350.

of law or fact, etc."[14] "Additionally, where plaintiffs propose subclasses, plaintiffs must show that each subclass independently meets the standards of Rule 23 class certification."[15]

"[C]ourt[s] ha[ve] an independent obligation to conduct a rigorous analysis before concluding that Rule 23's requirements have been satisfied."[16] "Relaxing and shifting [the Rule's] strict burden of proof results in an abuse of discretion."[17] However, if Rule 23's requirements are satisfied, the action may be certified as a whole, or "when appropriate, . . . with respect to particular issues."[18] "An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel[.]"[19] And "[a]n order that grants or denies class certification may be altered or amended before final judgment."[20]

The Representative Plaintiffs seek certification of the following class and subclass regarding Defendants' liability:

> *Utah class:* All individuals against whom Defendants filed a debt collection lawsuit in the State of Utah, where, as part of the lawsuit, Defendants publicly disclosed the debtor's social security number or protected health information, and where the disclosure was made between December 2, 2016, to the present.

> *FDCPA subclass:* All individuals against whom Defendants filed a debt collection lawsuit in the State of Utah in connection with a "debt" as defined by 15 U.S.C. § 1692a(5), where, as part of the lawsuit, Defendants publicly disclosed the debtor's social security number or protected health information, and where the disclosure was made between December 2, 2019, to the present.[21]

---

[14] *Id.* (emphasis in original).

[15] *Robinson v. Gillespie*, 219 F.R.D. 179, 183 (D. Kan. 2003) (citing *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)); *see also Soseeah v. Sentry Ins.*, 2016 WL 7435792, *3 (D. N.M. Sept. 6, 2016); FED. R. CIV. P. 23(c)(5).

[16] *XTO Energy, Inc.*, 725 F.3d at 1217 (internal quotations omitted).

[17] *Id.* at 1218 (internal quotations and citations omitted).

[18] FED. R. CIV. P. 23(c)(4).

[19] *Id.* at 23(c)(1)(B).

[20] *Id.* at 23(c)(1)(C).

[21] Motion to Certify Class at 3-4.

The Representative Plaintiffs' proposed Utah class satisfies each of Rule 23's necessary requirements for conditional certification for purposes of determining Defendants' liability. However, the Representative Plaintiffs fail to establish Rule 23(a)(1)'s numerosity requirement for their proposed FDCPA subclass.

### The proposed Utah class satisfies numerosity, but the Representative Plaintiffs fail to establish numerosity for their proposed FDCPA subclass

"Rule 23(a)(1) imposes a burden 'upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable.'"[22] "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."[23] "Plaintiffs must offer some evidence of established, ascertainable numbers constituting the class, but there is no set formula to determine if the class is so numerous that it should be so certified."[24]

The Tenth Circuit has held that "the numerosity requirement is not a question of numbers."[25] "Rather, there are [] several factors that enter into the impracticability issue."[26] These "factors may include the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute."[27]

The Representative Plaintiffs assert there are 46 members of the proposed Utah class that had their confidential personal and protected health information improperly publicly disclosed by

---

[22] *Lawrence v. First Fin. Inv. Fund V, LLC*, 336 F.R.D. 366, 373 (D. Utah 2020) (quoting *Peterson v. Okla. City Housing Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976)).

[23] *Colo. Cross Disability Coal. v. Abercombie & Fitch Co.*, 765 F.3d 1205, 1214 (10th Cir. 2014) (internal quotations omitted).

[24] *Id*. at 1215 (internal quotations omitted).

[25] *Id*. (internal quotations omitted).

[26] *Id*. (internal quotations omitted).

[27] *Id*. (internal quotations and punctuation omitted).

Defendant A-1 Collection Agency, LLC ("A-1").[28] These disclosures occurred in Utah state court debt collection lawsuits involving unpaid debts for medical services provided by Defendant Moab Valley Healthcare, Inc. ("MVHI").[29] Defendants assert that at least one of the identified individuals did not have her protected health information disclosed in a state court debt collection lawsuit.[30] And Defendants dispute that any private information was disclosed in the state courts cases for three other identified individuals.[31] Defendants also argue that the Representative Plaintiffs fail to establish that joinder of the identified Utah class members is impracticable, and fail to identify any number of individuals that fall within the proposed FDCPA subclass.[32]

---

[28] Motion to Certify Class ¶ 2 at 1; Daniel Baczynski's Declaration in Support of Motion to Certify a Class ("Baczynski Decl.") ¶ 5 at 2, Ex. A, docket no. 91-1, filed May 27, 2022.

[29] Motion to Certify Class ¶ 2 at 4; Baczynski Decl. ¶ 5 at 2, Ex. A. MVHI argues that the proposed Utah class has no requirement that class members sought or received services at MVHI. Memorandum in Opposition to Motion to Certify Class ("MVHI's Response") at 4, docket no. 100, filed Aug. 15, 2022. However, this argument ignores that the proposed Utah class includes "individuals against whom *Defendants* filed a debt collection lawsuit in the State of Utah." Motion to Certify Class at 3-4 (emphasis added). And as the Representative Plaintiffs' acknowledge, MVHI is liable to class members only to the extent A-1 was acting as MVHI's agent in the underlying debt collection lawsuit. Plaintiffs Sean McIntyre and Sabrina Provo's Reply to MVHI's Opposition to Motion to Certify a Class at 4-5, docket no. 108, filed Sept. 9, 2022.

[30] Defendant A-1 Collection Agency, LLC's Memorandum in Opposition to Plaintiffs' Motion to Certify a Class ("A-1's Response") ¶ 19 at 6, docket no. 97, filed Aug. 15, 2022; Declaration of Kenneth Singer ("Singer Decl.") ¶ 26 at 6, docket no. 97-1, filed Aug. 15, 2022.

[31] A-1's Response ¶ 20 at 6; Singer Decl. ¶¶ 24-25 at 6.

[32] A-1's Response at 23-24. Defendants also argue that the Motion to Certify Class improperly broadens the proposed Utah Class from the definition alleged in Plaintiffs' Amended Complaint. *Id*. at 20-22. This argument is premised on a distinction between "all individuals in Utah" against whom Defendants publicly disclosed private information, and "all individuals" against whom Defendants filed a debt collection lawsuit in the State of Utah wherein Defendants publicly disclosed private information. *Compare* Amended Complaint ¶ 115 at 13 *with* Motion to Certify Class at 3. The language of the proposed Utah class is not materially different from the definition alleged in the Amended Complaint. Plaintiffs' claims and the majority of the Amended Complaint's allegations pertain to Defendants conduct in Utah state court debt collection lawsuits against Plaintiffs. Amended Complaint ¶¶ 46-113 at 6-13. The proposed Utah class is sufficiently tailored to the class definition and allegations of the Amended Complaint.

**The proposed Utah class satisfies the numerosity requirement for conditional certification regarding Defendants' liability**

There is no dispute that the Representative Plaintiffs presented evidence demonstrating over 40 ascertainable Utah class members, who are former or current debtors for which Defendants allegedly made unauthorized disclosure of private information in state court debt collection lawsuits. The nature of Plaintiffs' claims creates a unique situation where the same private information of these individuals will necessarily be part of merits discovery, and included in documents filed in this case and the testimony presented at trial. The potential joinder of the identified individuals to this case (with the reasonable expectation that some of these individuals will be unable to afford the cost of litigation or counsel, and others could retain separate counsel) would greatly impact the case's scheduling; the length and extent of merits discovery; the handling of confidential and protected materials; the scope of pretrial motion practice; and the length and logistics of trial (and potentially bifurcated trials). These issues will delay any resolution of the case and increase costs to all parties.

Additionally, federal subject matter jurisdiction over Plaintiffs' claims is based on the federal question arising from Plaintiffs' FDCPA claim, with supplemental jurisdiction being exercised over Plaintiffs' state law claims.[33] This creates serious concern regarding the practicability of the identified Utah class members' joinder because the Representative Plaintiffs concede that not all identified individuals will be members of the proposed FDCPA subclass.[34] Absent certification of the proposed Utah class, joinder of those individuals that do not have an

---

[33] Notice of Removal ¶ 6 at 2, docket no. 2, filed Dec. 30, 2020.

[34] Plaintiffs Sean McIntyre and Sabrina Provo's Reply to A-1's Opposition to Motion to Certify a Class ("Reply to A-1") at 9-10, docket no. 107, filed Sept. 9, 2022.

FDCPA claim may be impracticable for want of subject matter jurisdiction over the individuals' state law claims.[35]

Under the circumstances, the logistical difficulties and jurisdictional issues associated with joinder of the identified Utah class members make such joinder impracticable. Therefore, Rule 23(a)(1)'s numerosity requirement is satisfied by the Representative Plaintiffs' proposed Utah class for conditional certification regarding Defendants' liability.

**The Representative Plaintiffs fail to establish numerosity for their proposed FDCPA subclass**

The Representative Plaintiffs make no effort to identify the number individuals that would comprise the proposed FDCPA subclass. They assert that "[t]he FDCPA [s]ub[c]lass consists of Utah class members with FDCPA claims[,]" and that "[t]he [s]ub[c]lass has few members."[36] They then argue that courts generally do not apply the numerosity requirement for subclasses where the subclasses are part of a larger certified class.[37] The Representative Plaintiffs cite to only a secondary source of authority for this proposition.[38] But that source does not support the Representative Plaintiffs' argument.

Rather, the secondary source recognizes "it is generally settled that each subclass must independently satisfy each of the Rule 23 criteria."[39] The source then acknowledges that at least two out-of-Circuit district court opinions have held that "if the subclass members are also members of the larger, already certified class, . . . the subclass may not be required to satisfy

---

[35] It is unclear whether any of these individuals could satisfy the requirements of federal subject matter jurisdiction through some other means, such as a separate federal cause of action or diversity jurisdiction.

[36] Reply to A-1 at 9.

[37] *Id*. at 9-10.

[38] 1 W. Rubenstein, *Newberg and Rubenstein on Class Actions* § 3:16 (6th ed. Dec. 2022 Update).

[39] *Id*.

independently the numerosity requirement."[40] This is not persuasive authority for ignoring Rule 23(a)(1)'s numerosity requirement for the Representative Plaintiffs' proposed FDCPA subclass. Doing so would be contrary to the Tenth Circuit's admonition that "[r]elaxing and shifting [Rule 23's] strict burden of proof results in an abuse of discretion."[41]

At most, the Representative Plaintiffs have alleged that the named plaintiffs (John Fullmer, Sean McIntyre, and Sabrina Provo) and potentially other members of the proposed Utah class have individual FDCPA claims against A-1. Such a bare allegation, without evidentiary support, is not sufficient to establish that the proposed FDCPA subclass is so numerous as to make joinder impracticable. It is possible that through merits discovery the Representative Plaintiffs will obtain sufficient evidence to establish Rule 23(a)(1)'s numerosity requirement for the proposed FDCPA subclass. But at this time, the Representative Plaintiffs fail to establish numerosity for the proposed FDCPA subclass. Therefore, the Motion to Certify Class[42] is DENIED in part (as to the FDCPA subclass) without prejudice.

### The proposed Utah class satisfies commonality for conditional certification regarding Defendants' liability

Rule 23(a)(2)'s commonality requirement requires "a plaintiff to show that 'there are questions of law or fact common to the class.'"[43] "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."[44] "This does not mean merely that they have all suffered a violation of the same provision of law."[45] "[C]laims must

---

[40] *Id*. (citing *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 443 (N.D. Cal. 2001); *Christina A. ex rel. Jennifer A. v. Bloomberg*, 197 F.R.D. 664, 667-71 (D. S.D. 2000)).

[41] *XTO Energy, Inc.*, 725 F.3d at 1218 (internal quotations and citations omitted).

[42] Docket no. 91, filed May 27, 2022.

[43] *Dukes*, 564 U.S. at 349 (quoting FED. R. CIV. P. 23(a)(2)).

[44] *Id*. at 349-350 (internal quotations omitted).

[45] *Id*. at 350.

depend upon a common contention . . . which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[46] In other words,

> What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a class[-]wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.[47]

A question can be resolved on a class-wide basis when "the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof."[48] "Proof of commonality [also] necessarily overlaps with [a plaintiff's] merits contention that [the defendant] engages in a *pattern or practice* of [improper conduct]."[49] This is because "the crux of the inquiry is the reason for a particular . . . decision."[50] "Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question."[51]

The Representative Plaintiffs assert that all identified Utah class members suffered the same injury from Defendants' conduct, *i.e.*, the alleged improper public disclosure of confidential personal and protected health information in Utah state court debt collection proceedings.[52] The proposed Utah class presents common questions of law and fact regarding

---

[46] *Id*.

[47] *Id*. (quoting Nagareda, 84 N.Y.U. L. Rev. at 132) (emphasis in original)

[48] *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quoting 2 W. Rubenstein, *Newberg on Class Actions* § 4:50, 196-197 (5th ed. 2012)) (alteration in original).

[49] *Dukes*, 564 U.S. at 352 (emphasis in original).

[50] *Id*. (internal quotations omitted).

[51] *Id*. (emphasis in original).

[52] Motion to Certify Class ¶¶ 1-2 at 4; Baczynski Decl. ¶ 5 at 2, Ex. A.

Defendants' liability that are capable of generating class-wide common answers central to Plaintiffs' claims. Among the common questions are whether A-1 was acting as MVHI's agent in the state court debt collection lawsuits, and whether the public disclosure of private information in those lawsuits satisfies the elements of a violation of the FDCPA, a violation of the UCSPA, an invasion of privacy, or negligence.

Defendants attempt to identify differences among the Utah class members to argue that commonality is not satisfied.[53] However, the asserted differences are either irrelevant or immaterial to the common questions of law and fact that are capable of class-wide resolution. Although actual and statutory damages are not available under the UCSPA on the Representative Plaintiffs' class claims,[54] declaratory and injunctive relief are available and such relief has not been determined to be moot.[55] The Motion to Certify Class also seeks certification for purposes of Defendants' liability only, reserving damages issues (including certification of a class for that purpose) until after merits discovery.[56] And regardless, whether damages are capable of class-wide resolution is generally a consideration of Rule 23(b)(3)'s predominance requirement,[57] and would not defeat a finding of commonality under Rule 23(a)(2).

Additionally, Defendants assertion that one Utah class member did not have her protected health information publicly disclosed[58] does not preclude a finding of commonality regarding the alleged improper public disclosure of confidential personal information. Nor do variations in the

---

[53] A-1's Response at 24-28.

[54] Memorandum Decision and Order Granting Motion for Partial Judgment on the Pleadings, docket no. 83, filed May 16, 2022.

[55] Memorandum Decision and Order Denying Motions to Dismiss Without Prejudice, docket no. 125, filed Mar. 31, 2023.

[56] Motion to Certify Class at 4.

[57] *XTO Energy, Inc.*, 725 F.3d at 1220.

[58] A-1's Response ¶ 19 at 6; Singer Decl. ¶ 26 at 6.

putative Utah class members' knowledge of the alleged improper publicly disclosures affect whether the Utah class members suffered the same alleged injury. "Factual differences between class members' claims do not defeat certification where common questions of law exist."[59]

Therefore, because the proposed Utah class presents common issues of law and fact that are capable of class-wide resolution, Rule 23(a)(2)'s commonality of requirement is satisfied for conditional certification regarding Defendants' liability.

### The Representative Plaintiffs' claims are typical of the proposed Utah class

Under Rule 23(a)(3), a representative plaintiff must demonstrate that their "claims . . . are typical of the claims . . . of the class."[60] "[L]ike commonality, typicality exists where . . . all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances."[61] "Th[is] alignment of interests ensures that class representative will advance and protect the interests of the entire class simply by virtue of pursuing their own."[62] But "[t]he interests and claims of [representative p]laintiffs and class members need not be identical to satisfy typicality."[63] "Differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory."[64]

The Representative Plaintiffs' claims are typical of the proposed Utah class. The same legal theory of Defendants' liability for violating the FDCPA and the UCSPA, invasion of

---

[59] *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010).

[60] FED. R. CIV. P. 23(a)(3).

[61] *Devaughn*, 594 F.3d at 1199.

[62] *Smith v. LifeVantage Corp.*, 341 F.R.D. 82, 99-100 (D. Utah 2022) (citing *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006)).

[63] *Devaughn*, 594 F.3d at 1198.

[64] *Abercombie & Fitch Co.*, 765 F.3d at 1216 (internal quotations and punctuation omitted).

privacy, and negligence is present among the Representative Plaintiffs and the proposed Utah class's members. The Representative Plaintiffs argue that Defendants are liable on these claims for the alleged improper public disclosure of the Representative Plaintiffs' and the Utah class members' private information in Utah state debt collection lawsuits. And the Representative Plaintiffs seek the same declaratory and injunctive relief on behalf of themselves and the Utah class members.

Defendants' arguments against typicality are insufficient to defeat a finding of typicality. These arguments relate to factual differences regarding the extent to which the Representative Plaintiffs and the Utah class members' private information was actually viewed or accessed, and variances in recoverable damages based on disgorgement, offset, and emotional distress.[65] The asserted factual differences do not affect the legal theories of Defendants' liability on which the Representative Plaintiffs' and the Utah class members' claims rely. Nor do the asserted factual differences affect the declaratory and injunctive relief sought. And because certification is sought only for purposes of determining Defendants' liability, the existence of variations in recoverable damages is not material to a finding of typicality.

Therefore, because the Representative Plaintiffs and the proposed Utah class's claims are premised on the same legal theory of Defendants' liability, and because the same declaratory and injunctive relief is sought on behalf of the Representative Plaintiffs and the Utah class members, Rule 23(a)(3)'s typicality requirement is satisfied for conditional certification regarding Defendants' liability.

---

[65] A-1's Response at 29-30.

**The Representative Plaintiffs and their counsel are adequate**
**representatives and counsel for the proposed Utah class**

Rule 23(a)(4) requires a class representative to "fairly and adequately protect the interests of the class."[66] The adequacy requirement focuses on "uncover[ing] conflicts of interest between named parties and the class they seek to represent."[67] "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[68] "[C]onflicts may exist when the class representative 'put[s] [their] own interest above those of the class.'"[69]

Defendants argue that the Representative Plaintiffs' deposition testimony demonstrate that they do not satisfy Rule 23(a)(4)'s adequacy requirement.[70] Defendants assert that the Representative Plaintiffs have not entered written fee agreements with their counsel; have not been following the proceedings or reviewing court documents; do not understand what the case is about; and have conflicts with the Utah class's members regarding the private information they are most concerned about being disclosed and the damages they believe they are entitled.[71] Defendants also argue that the Representative Plaintiffs' counsel provide only vague descriptions

---

[66] FED. R. CIV. P. 24(a)(4).

[67] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

[68] *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-1188 (10th Cir. 2002) (internal quotations omitted).

[69] *Lawrence*, 336 F.R.D. at 378 (quoting *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) (alterations in original).

[70] A-1's Response 30-32.

[71] *Id*. ¶ 28 at 7, ¶¶ 31-35 at 8-9, ¶¶ 40-57 at 9-14, ¶ 59 at 14, ¶ 64 at 15-16, ¶ 67 at 15, ¶ 69 at 16, ¶¶ 71-74 at 16-17, 30-32; Excerpts from Deposition of Sean M. McIntyre ("McIntyre Depo. Excerpts"), docket no. 97-2, filed Aug. 15, 2022; Excerpts from Deposition of Sabrina M. Provo ("Provo Depo. Excerpts"), docket no. 97-5, filed Aug. 15, 2022.

of their experience with class actions of this type and of the resources they can put toward prosecuting the case.[72]

The Representative Plaintiffs and their counsels' declarations are sufficient to establish that the Representative Plaintiffs and their counsel will fairly and adequately protect the interests of the proposed Utah class. The Representative Plaintiffs' counsel has declared that all named Plaintiffs have signed written retainer agreements.[73] The Representative Plaintiffs' deposition testimony indicating that they had not reviewed all of the court filings and discovery that were referenced in the depositions does not mean that they have not participated and kept updated on the litigation. The Representative Plaintiffs sat for deposition as part of class discovery,[74] and have declared that they understand the tasks of class representatives and are willing to serve as class representatives.[75] The Representative Plaintiffs have also declared that they have kept updated on the progress of the litigation through their counsel.[76] It is reasonable to infer from the Representative Plaintiffs' participation in the case thus far that they will fulfill their duties as class representatives as the case continues.

Additionally, the Representative Plaintiffs' deposition testimony may reveal that they do not fully understand legal concepts, theories, or terms of art. But the excerpts of their deposition

---

[72] MVHI's Response at 2-3.

[73] Daniel Baczynski's Declaration in Support of Motion to Certify Class ¶¶ 4-5 at 2, docket no. 107-1, filed Sept. 9, 2022.

[74] Plaintiff Sean McIntyre's Declaration in Support of Motion to Certify a Class ("McIntyre Decl.") ¶ 5 at 2, docket no. 91-2, filed May 27, 2022; Plaintiff Sabrina Provo's Declaration in Support of Motion to Certify a Class ("Provo Decl.") ¶ 5 at 2, docket no. 91-3, filed May 27, 2022.

[75] McIntyre Decl. ¶¶ 3-4 at 2, ¶ 7 at 2, ¶ 10 at 3; Provo Decl. ¶¶ 3-4 at 2, ¶ 7 at 2, ¶ 10 at 3.

[76] McIntyre Decl. ¶ 2 at 2; Provo Decl. ¶ 2 at 2.

testimony (submitted by Defendants)[77] and their declarations[78] sufficiently demonstrate that they understand the nature of the litigation involves the alleged improper public disclosure of their personal information. This evidence also demonstrates that the Representative Plaintiffs understand the alleged facts that lead them to seek Defendants' liability on a class-wide basis.[79] There is no requirement that a class representative be knowledgeable in the law, or even knowledgeable of the unique factual circumstances of each putative class member. Class counsel must be knowledgeable in the legal theories and factual circumstances that tie a putative class together to pursue class claims. And in this regard, the Representative Plaintiffs' counsel (through their declarations and other filings throughout this case) have demonstrated their experience and their willingness and ability to vigorously prosecute the proposed Utah class's claims.[80]

The Representative Plaintiffs and their counsel have also declared that they do not have conflicts with or adverse interests to the proposed Utah class.[81] The Representative Plaintiffs may be more concerned about the disclosure of certain confidential and private information than other information, but that does not mean that their interests' conflict with the proposed Utah class for determining Defendants' liability. The Representative Plaintiffs and the Utah class's members share the same interest in determining whether A-1 was acting as MVHI's agent in the

---

[77] McIntyre Depo. Excerpts at 24:4-9, 40:19-41:3, 43:18-44:5, 46:16-48:4; Provo Depo. Excerpts at 40:7-11, 67:8-22, 78:1-9.

[78] McIntyre Decl. ¶ 6 at 2, ¶¶ 8-9 at 2; Provo Decl. ¶ 6 at 2, ¶¶ 8-9 at 2.

[79] McIntyre Depo. Excerpts at 24:4-9, 40:19-41:3, 43:18-44:5, 46:16-48:4; Provo Depo. Excerpts at 40:7-11, 67:8-22, 78:1-9; McIntyre Decl. ¶ 6 at 2, ¶¶ 8-9 at 2; Provo Decl. ¶ 6 at 2, ¶¶ 8-9 at 2.

[80] Baczynski Decl. ¶¶ 3-4 at 2, ¶¶ 6-9 at 2-3; Troy K. Walker's Declaration in Support of Motion to Certify a Class ("Walker Decl.") ¶¶ 3-7 at 2, docket no. 91-4, filed May 27, 2022; Plaintiffs' Notice of Supplemental Authority Re: Motion for Class Certification, docket no. 123, filed Feb. 19, 2023.

[81] McIntyre Decl. ¶¶ 8-9 at 2, ¶ 11 at 3; Provo Decl. ¶¶ 8-9 at 2, ¶ 11 at 3; Baczynski Decl. ¶ 10 at 3; Walker Decl. ¶ 8 at 2.

Utah state court debt collection lawsuits, and whether the public disclosure of private information in those lawsuits satisfies the elements of a violation of the FDCPA, a violation of the UCSPA, an invasion of privacy, or negligence. That the Representative Plaintiffs have FDCPA claims against Defendants (which some putative Utah class members do not) also does not create a conflict for purposes of Defendants' liability on each claim. And there is no conflict regarding the damages the Representative Plaintiffs believe they are entitled because certification is sought only for purposes of determining Defendants' liability, reserving issues of damages until after merits discovery.

Therefore, the Representative Plaintiffs and their counsels have demonstrated that they will fairly and adequately protect the interests of the proposed Utah class. Rule 23(a)(4)'s adequacy requirement is satisfied for conditional certification regarding Defendants' liability.

### Common questions among the proposed Utah class are predominant and a class action is superior for determining Defendants' liability

The Representative Plaintiffs seek certification of the proposed Utah class for determining Defendants' liability under Rule 23(b)(3).[82] A class action may be maintained under Rule 23(b)(3) when "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[83] "In other words, class status is appropriate as long as plaintiffs can establish an aggregation of legal and factual issues, the uniform treatment of which is superior to ordinary one-on-one litigation."[84]

---

[82] Motion to Certify Class at 14-21.

[83] FED. R. CIV. P. 23(b)(3).

[84] *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[85] Though similar to Rule 23(a)(2)'s commonality requirement, "Rule 23(b)(3)'s predominance criterion is even more demanding."[86] "[T]he predominance prong 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'"[87] Courts "must *characterize* the issues in the case as common or not, and then *weigh* which issues predominate."[88] "Although individualized monetary claims belong in Rule 23(b)(3), predominance may be destroyed if individualized issues will overwhelm those questions common to the class."[89] But the Tenth Circuit has recognized that "there are ways to preserve the class action model in the face of individualized damages," such as when a class is certified for purposes of liability only, reserving individual damages calculations for later proceedings.[90]

Factors that are pertinent to the superiority analysis include:

(A)     the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

---

[85] *Id.* at 1087 (quoting *Windsor*, 521 U.S. at 622-623).

[86] *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

[87] *Broad & Cassel*, 773 F.3d at 1087 (quoting 2 William B. Rubenstein et al., *Newberg on Class Actions* § 4:49, at 195-196 (5th ed. 2012)).

[88] *Id.* (emphasis in original).

[89] *XTO Energy, Inc.*, 725 F.3d at 1220 (internal quotations and citations omitted).

[90] *Id.* at 1220 (citing *Behrend*, 569 U.S. at 41 n.* (Ginsburg, J. and Breyer, J. dissenting)).

(D)      the likely difficulties in managing a class action.[91]

As discussed, the Representative Plaintiffs assert that all identified Utah class members suffered the same injury from Defendants' conduct.[92] The proposed Utah class presents common questions of law and fact regarding Defendants' liability, including whether A-1 was acting as MVHI's agent in the state court debt collection lawsuits, and whether the public disclosure of private information in those lawsuits satisfies the elements of a violation of the FDCPA, a violation of the UCSPA, an invasion of privacy, or negligence.[93] These common questions regarding Defendants' liability predominate over individual questions relating to Defendants' liability.

The asserted individualized issues identified by Defendants[94] are either immaterial to the Motion to Certify Class or are minor when compared against the common questions of law and fact. These issues relate primarily to damages which are not subject to the certification sought in the Motion to Certify Class, including the extent of third party viewing or access of any individual's disclosed information; the amount of harm to individual class members; the applicability of emotional distress damages; issues of offset and disgorgement; and whether valid defenses exist to the state court debt collection lawsuits.[95] The potential existence of intervening causes (such as a failure of an individual's insurance to pay the underlying debt) may affect Defendant's liability.[96] But the existence and extent of such intervening causes among Utah class

---

[91] FED. R. CIV. P. 23(b)(3).

[92] *Supra* Discussion at 10-11.

[93] *Id*.

[94] A-1's Response at 33-35.

[95] *Id*.

[96] *Id*. at 34.

members is not currently known.[97] The effect of such causes on Defendants' liability is also currently unknown. The mere possibility of intervening causes that may affect Defendants' liability is not sufficient to overcome the predominance of the common issues of law and fact regarding Defendants' liability.

The record also demonstrates that a class action is superior to individual actions for determining Defendants' liability. Defendants do not seriously challenge the superiority of a class action. Their argument consists of three sentences—one sentence that the amount of emotional distress and punitive damages in controversy justifies individual lawsuits; one sentence acknowledging the Representative Plaintiffs' counsel experience with consumer litigation; and one sentence that the Representative Plaintiffs' consumer claims should proceed individually.[98] Defendants' argument is conclusory; ignores relevant facts and the limited "liability" scope of the Motion to Certify Class; and fails to properly access Rule 23(b)(3)'s factors for determining superiority.

The nature of the underlying state debt collection lawsuits strongly suggests that the proposed Utah class's members are not in a financial position to pursue claims on an individual basis. This considered with the amount of statutory damages and extent of other available equitable remedies to individual class members demonstrates that class members may have limited interest in individually controlling the prosecution of their claims (at least until Defendants' liability is determined). Some proposed class members may have considerable actual damages, including emotional distress damages, that would make it desirable to

---

[97] *Id*.

[98] *Id*. at 35.

individually control their claims. But this does not preclude a finding of superiority because such class members are given the opportunity to opt out of inclusion in the class.[99]

The extent to which proposed class members are aware of their rights and the basis for the Representative Plaintiffs' claims against Defendants is also unknown. No other litigation concerning Defendants' collection practices in Utah has been identified by the parties. This suggests that the proposed class members may be unaware of their rights and Defendants' alleged conduct in the state debt collection lawsuits, or that they are unable or unwilling to pursue relief individually. Additionally, no party has presented a basis for finding that the class litigation in this forum would be undesirable. To the contrary, the Southern Region of the District of Utah is a desirable forum for this litigation considering geographical convenience to the parties, counsel, and witnesses; the locus of harm; and the location of proposed class members.[100] And considering the issues relating to the numerosity, commonality, and predominance factors,[101] judicial economy will be served through the management of a class action for purposes of determining Defendants' liability.

Therefore, because common issues of law and fact predominate and a class action is a superior vehicle for determining Defendants' liability, Rule 23(b)(3) is satisfied for the proposed Utah class's conditional certification.

### The Representative Plaintiffs' counsel, Daniel M. Baczynski and Troy Kent Walker, are appointed as class counsel

Finally, under Rule 23(g), relevant considerations for appointment of class counsel include:

---

[99] FED. R. CIV. P. 23(c)(2)(B)(v), (vi).

[100] *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 657 (D. N.M. 2015).

[101] *Supra* Discussion at 4-7, 9-11, 18-19.

(i)     the work counsel has done in identifying or investigating potential claims
        in the action;

(ii)    counsel's experience in handling class actions, other complex litigation,
        and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class[.][102]

The record reflects that the Representative Plaintiffs' counsel, Daniel M. Baczynski and

Troy Kent Walker, have made considerable efforts to identify and investigate potential claims

and class members in this case.[103] And as discussed, counsel (through their declarations and

other filings throughout this case) have demonstrated their experience in handling similar

complex litigation; their knowledge of applicable law; and their willingness and ability to

vigorously prosecute the Utah class's claims.[104]

Therefore, Mr. Baczynski and Mr. Walker are appointed as class counsel for the

conditionally certified Utah class.

## ORDER

IT IS HEREBY ORDERED that the Representative Plaintiffs' Motion to Certify Class[105]

is GRANTED in part and DENIED in part. The following class is conditionally certified for

purposes of determining Defendants' liability:

> *Utah class:* All individuals against whom Defendants filed a debt collection
> lawsuit in the State of Utah, where, as part of the lawsuit, Defendants publicly
> disclosed the debtor's social security number or protected health information, and
> where the disclosure was made between December 2, 2016, to the present.

---

[102] FED. R. CIV. P. 23(g)(1).

[103] Baczynski Decl. ¶¶ 3-9 at 2-3; Walker Decl. ¶¶ 3-7 at 2; Plaintiffs' Notice of Supplemental Authority Re: Motion for Class Certification.

[104] *Supra* Discussion at 14-16.

[105] Docket no. 91, filed May 27, 2022.

The Utah class is certified only as to liability at this point, not as to damages. The proposed FDCPA subclass is not certified at this time. The conditional certification of the Utah class and the denial of certification of the proposed FDCPA subclass may be altered or amended before final judgment.

IT IS FURTHER ORDERED that the Representative Plaintiffs' counsel, Daniel M. Baczynski and Troy Kent Walker, are appointed as class counsel for the conditionally certified Utah class.

IT IS FURTHER ORDERED that by no later than August 4, 2023, the Representative Plaintiffs' counsel must prepare and file (using the Notice of Filing event) a proposed notice to the Utah class members which complies with the requirements of Rule 23(c)(2)(B). A copy of the proposed notice, in WORD format, must also be emailed to dj.nuffer@utd.uscourts.gov. And upon approval of a notice, the Representative Plaintiffs' counsel must effectuate service of the approved notice to all Utah class members by one or more of the following: United States mail; electronic means; or other approved appropriate means.

Signed July 6, 2023.

BY THE COURT

David Nuffer
United States District Judge