THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN FULLMER, SEAN MCINTYRE, SABRINA PROVO, on behalf of themselves and a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC, AND MOAB VALLEY HEALTHCARE, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT<br><br>Case No. 4:20-cv-00143-DN-PK<br><br>District Court Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Sean McIntyre and Sabrina Provo ("Plaintiffs") and Defendants A-1 Collection Agency, LLC and Moab Valley Healthcare, Inc. ("Defendants") jointly move the court for final approval of a class action settlement in Plaintiffs' action against Defendants ("Motion").[1] Based on the Motion, and having conducted a fairness hearing on November 24, 2025,[2] and for the reasons stated at the fairness hearing and discussed herein, the parties' Motion[3] is GRANTED.

## INTRODUCTION

Plaintiffs filed this action alleging that Defendants publicly disclosed private information as part of their attempts to collect on medical debt, thereby violating the Fair Debt Collection Practices Act ("FDCPA"), the Utah Consumer Sales Practices Act ("UCSPA"), and common

---

[1] Joint Motion for Final Approval of Class Settlement, docket no. 169, filed Nov. 19, 2025.

[2] Minute Entry for Proceedings Held Before Judge David Nuffer ("Fairness Hearing"), docket no. 171, filed Nov. 24, 2025.

[3] Docket no. 169, filed Nov. 19, 2025.

law.[4] Defendants deny that they violated any statute, engaged in any misconduct, or harmed Plaintiffs.[5]

The case has been pending since December 2020 and has involved substantial litigation, including motions for summary judgment[6] and class certification.[7] After arms-length negotiations over many months between Plaintiffs and Defendants, the parties have reached an agreement to settle this action on a class basis.[8] Under the Settlement, Defendants will provide three years credit monitoring and payment of $900 to each class member.[9] Preliminary approval of the settlement was previously granted and Plaintiffs were ordered to send notice to the settlement class.[10] No class member objected or opted out of the settlement.[11]

As determined at the fairness hearing held on November 24, 2025, final approval of the settlement, approval of the proposed cy pres, approval of the proposed incentive fee, and approval of the proposed attorney's fees is appropriate.[12]

## BACKGROUND

Conditional class certification was granted on July 6, 2023.[13] On August 11, 2025, preliminary approval to the parties' proposed settlement was granted.[14]

---

[4] Amended Complaint, docket no. 34, filed Sept. 13, 2021.

[5] Answer to Amended Complaint, docket no. 35, filed Sept. 27, 2021; Answer to Amended Complaint, docket no. 36, filed Sept. 27, 2021.

[6] Defendant's Motion for Summary Judgment, docket no. 99, filed Aug. 15, 2022; Defendant's Motion for Summary Judgment, docket no. 102, filed Aug. 15, 2022.

[7] Motion to Certify Class, docket no. 91, filed May 27, 2022.

[8] Stipulated Motion to Certify Class, docket no. 153, filed June 10, 2025; Motion.

[9] Settlement Agreement, docket no. 153-1, filed June 10, 2025.

[10] Order Granting Motion to Amend Certified Class to Settlement Class and to Provide Notice to Class Members, docket no. 154, filed Sug. 11, 2025.

[11] Status Report Re: No Objections or Opt-Outs to Class Settlement, docket no. 163, filed Nov. 5, 2025.

[12] Fairness Hearing.

[13] Memorandum Decision and Order Granting in part and Denying in part Motion to Certify Class, docket no. 128, filed July 6, 2023.

Following the preliminary approval, Class Counsel sent notices via first class mail to all class members at their last known address.[15] The notice informed the class members of their right to opt out and provided an exclusion deadline of October 13, 2025.[16] No class member elected to opt out.[17] The notices further advised the class members that they could assert objections to the proposed settlement by October 13, 2025.[18] No class member elected to object to the settlement.[19]

On November 24, 2025, a fairness hearing was held during which the parties' counsel provided information and arguments in favor of final approval of the settlement.[20] At the hearing's conclusion, it was determined that final approval of the settlement is appropriate.[21]

## LEGAL STANDARD

A court may approve a class settlement under FED. R. CIV. P. 23(e)(2) "only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

---

[14] Order Granting Motion to Amend Certified Class to Settlement Class and to Provide Notice to Class Members.

[15] Status Report Re: Service of Notice on Class Members, docket no. 155, filed Sept. 1, 2025.

[16] *Id*.

[17] Status Report Re: No Objections or Opt-Outs to Class Settlement.

[18] Status Report Re: Service of Notice on Class Members.

[19] Status Report Re: No Objections or Opt-Outs to Class Settlement.

[20] Fairness Hearing.

[21] *Id*.

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) the proposal treats class members equitably relative to each other."[22]

In addition to the four factors set forth under Rule 23(e)(2), the Tenth Circuit Court of Appeals requires that courts consider the following four *Rutter* factors in making their fairness determination:

  (1) whether the proposed settlement was fairly and honestly negotiated;

  (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

  (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

  (4) the judgment of the parties that the settlement is fair and reasonable.[23]

## DISCUSSION

### I. FINAL APPROVAL OF CLASS SETTLEMENT

The parties contend that this class settlement meets the requirements of FED. R. CIV. P. 23(e)(2) and the *Rutter* factors. They are correct.

First, the settlement meets the four-part test under Rule 23(e)(2) for the reasons articulated in the memorandum decision and order that initially granted class certification[24] and the order preliminarily certifying the settlement classes.[25] It remains true that Class Counsel has adequately represented the class throughout the course of this action. The parties reached their settlement through arms-length negotiations. The relief provided for the class is adequate. And the settlement treats class members equitably relative to each other.

---

[22] FED. R. CIV. P. 23(e)(2).

[23] *Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

[24] Memorandum Decision and Order Granting in part and Denying in part Motion to Certify Class.

[25] Order Granting Motion to Amend Certified Class to Settlement Class and to Provide Notice to Class Members.

Second, the settlement meets the four-part *Rutter* test for the reasons articulated in the memorandum decision and order preliminarily certifying the settlement classes.[26] As required by *Rutter*, the settlement was fairly and honestly negotiated. Serious questions of law still exist that would place the outcome of this litigation in doubt if it were to proceed to trial, including Plaintiffs' ability to establish damages, allocation of fault among Defendants, and whether an agency relationship existed among Defendants. The value of immediate recovery and dismissal of claims outweighs the mere possibility of a more favorable outcome after further litigation. And the parties are convinced that the settlement is fair and reasonable. The terms of the settlement, the issues that would remain in the litigations, and that no class member objected to or opted out of the class settlement support that the settlement is fair and reasonable.

## II.   CY PRES

If any of the settlement funds are not collected by the class members, the parties propose the remainder (the "cy pres") be given to Utah Legal Services to bolster its debt collection defense services. "[T]he cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries."[27] Utah Legal Services assists the disadvantaged and those of limited means with legal representation in various matters including debt collection. Access to counsel promotes greater accountability by collectors and encourages compliance with consumer protection statutes. Therefore, Utah Legal Services is an appropriate recipient for the cy pres as the next best beneficiary. This addition to the proposed class settlement is appropriate, fair, and reasonable.

---

[26] *Id.*

[27] *Allred v. ReconTrust Co., NA*, 787 Fed. App'x 994, 995 n.1 (10th Cir. 2019) (internal quotations omitted).

## III. INCENTIVE AWARD

"At the conclusion of a class action, the class representatives are eligible for a special payment in recognition of their service to the class."[28] These payments, sometimes referred to as incentive awards, work "'(1) to compensate class representatives for work done on behalf of the class, (2) to make up for financial or reputational risk undertaken in bringing the action, and sometimes, (3) to recognize their willingness to act as a private attorney general' . . . [and (4) to] incentivize class members to step forward on behalf of the class."[29]

The Tenth Circuit Court of Appeals has endorsed that class representatives should be compensated for the "time and effort invested in the case", including "monitoring class counsel, being deposed by opposing counsel, keeping informed of the progress of the litigation, and serving as a client for purposes of approving any proposed settlement with the defendant."[30] Financial risks for fees and costs are also a factor to be considered when evaluating a request for an incentive award.[31] Weighing these factors, courts in the District for Utah have awarded incentive fees varying between $2,500 and $15,000 per class representative.[32]

The parties propose an incentive fee to the named Plaintiffs of $3,500 each. The named Plaintiffs have spent time monitoring the case and assisting when needed. The named Plaintiffs were each deposed on the merits of their claims and their suitability to serve as class representatives. The named Plaintiffs further participated in the prolonged settlement discussions throughout the litigation. Based on the time and effort spent by the named Plaintiffs, and

---

[28] 5 Newberg on Class Actions § 17:3 (5th ed).

[29] *Id*. (quoting *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009)).

[30] *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII A, LP*, 888 F.3d 455, 468 (10th Cir. 2017).

[31] *Cazeau v. TPUSA, Inc.*, No. 2:18-CV-00321-RJS-CMR, 2021 WL 1688540, *7 (D. Utah Apr. 29, 2021).

[32] *Id.*; *Campbell v. C.R. England, Inc.*, No. 2:13-CV-00262-CW, 2015 WL 5773709, *8 (D. Utah Sept. 30, 2015); *Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02-CV-00950-TS, 2014 WL 3943994, *2 (D. Utah June 19, 2014).

considering the monetary awards other class members will receive under the settlement, a $3,500 incentive fee for each named Plaintiff is appropriate, fair, and reasonable.

### IV. ATTORNEY'S FEES

Separate and apart from the class settlement, the parties negotiated attorney's fees to Class Counsel in the amount of $75,000. This sum also covers litigation and class administrations costs.

When facing a request for attorney's fees after a class action settlement has been reached, the "ultimate standard" is whether the amount requested is "reasonable."[33] In cases containing fee-shifting statutes, courts often begin with the lodestar approach.[34]

The basic factor used by courts in fixing the amount of attorney's fees is the "time/rate" factor which includes: (1) the number of hours spent on the case and the manner in which they were spent; and (2) the reasonable hourly rate for each attorney.[35] Class Counsel Daniel Bazynski represents that his hourly rate is $425,[36] which fits within the range of reasonable rates for FDCPA cases in Utah.[37] Class Counsel further represents that he spent more than 300 hours over the past five years litigating this case.[38] The lodestar amount, therefore, exceeds $127,500 – far more than the $75,000 requested.

The *Johnson* factors also support the reasonableness of the requested award as follows:

---

[33] *Chieftain Royalty Co.*, 888 F.3d at 462.

[34] *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1103 (10th Cir. 2010).

[35] *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, No. 2:19-CV-00120-BSJ, 2021 WL 872494, *5 (D. Utah Mar. 9, 2021).

[36] Declaration of Daniel Baczynski, docket no. 170, filed Nov. 24, 2025.

[37] *Taylor*, 2021 WL 872494, *6.

[38] Declaration of Daniel Baczynski.

### A. Time and Labor Involved

Class Counsel asserts that he worked over 300 billable hours on this case.[39] This includes multiple dispositive motions, a contested class certification motion, and negotiating the settlement. The time and labor Class Counsel has spent on this case is reasonable and supports the requested attorney's fee award.

### B. The Novelty and Difficulty of the Questions

This case involved novel and difficult questions of law. These questions include whether Defendants' disclosure of private information violates the FDCPA or the UCSPA; what evidence is sufficient to establish knowledge or intent under the UCSPA; and whether damages are available as class-wide relief for a UCSPA class in an action pending before the federal court. This factor supports the requested attorney's fee award.

### C. The Skill Required to Perform the Legal Services Properly

"[C]lass actions tend to involve a specialized area of the law which is often complex and difficult, and where some degree of extra skill is needed to litigate the cases properly."[40] Given the novelty of the issues, this case involved more skill than a "garden variety" class action. Therefore, this factor favors the requested attorney's fee award.

### D. The Preclusion of Other Employment by the Attorney Due to the Case

The preclusion of other employment is not a significant factor in determining an appropriate fee in this case. Therefore, this factor is neutral in determining the reasonableness of the requested attorney's fee award.

---

[39] *Id*. The time and tasks are enumerated in Attachment A to the Declaration of Daniel Baczynski.

[40] *Cazeau*, 2021 WL 1688540, *9 (internal quotations omitted).

### E. Customary Fee

The FDCPA and the UCSPA allow for the recovery of reasonable attorney's fees.[41] Due to the rather low statutory damages available, courts have awarded attorney's fees that eclipse the sums recovered by the consumers.[42] In this case, the damages Plaintiffs could potentially establish may be relatively low. Therefore, this factor supports the requested attorney's fees even though it exceeds the sum recovered by the class.

### F. Prearranged Fees

Plaintiffs have informed the court that this case was initially taken on a contingency fee basis. Courts consistently find "this type of arrangement, under which counsel runs a significant risk of nonpayment, weighs in favor of the reasonableness of a requested fee award."[43] Therefore, this factor favors the requested attorney's fee award.

### G. The Nature and Length of the Professional Relationship with the Client

This case has been pending for five years, and Class Counsel has represented Plaintiffs from the start. Therefore, the duration of the case weighs in favor of the requested attorney's fee award.

### H. The Amount Involved and the Results Obtained

Each class member will receive $900 from the common fund and three years of credit monitoring. This is a positive outcome for the class members considering the risks involved with establishing damages if the litigation continued. Therefore, this factor weighs in favor of the requested attorney's fee award.

---

[41] 15 USC § 1692k(a)(1)(B)(3); Utah Code Ann. § 13-11-19(5).

[42] *Versteeg v. Bennett, DeLoney & Noyes, PC*, 839 F. Supp. 2d 1238, 1243 (D. Wyo. 2011).

[43] *Blanco v. Xtreme Drilling & Coil Servs., Inc.*, No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, *6 (D. Colo. July 17, 2020).

### I. The Experience, Reputation, and Ability of the Attorneys

Class Counsel has significant experience with the FDCPA and the UCSPA. Class Counsel has represented multiple similar classes in FDCPA and UCSPA cases. This factor weighs in favor of the requested attorney's fee award.

### J. Undesirability

Plaintiffs contend that there are few attorneys practicing in this field in Utah and even less willing to do it on a contingency basis. Taking this assertion at face value, the "undesirability" factor supports the requested attorney's fee award because while this case may not be particularly undesirable, the requested percentage appropriately reflects its slight undesirability.[44]

### K. Awards in Similar Cases

Finally, Plaintiffs point out that attorney's fees awarded in similar cases are comparable to that requested in this case. They specifically cite to *Lawrence v. First Fin. Inv. Fund V, LLC*,[45] awarding $147,878.75 in attorney's fees; and *Cotte v. CVI SGP Acquisition Tr.*,[46] awarding $55,435 in attorney's fees, litigation costs, and administrative costs. This factor supports the requested attorney's fee award.

## V. CONCLUSION

For the above-stated reasons, the class settlement, the cy pres, the incentive fee award, and the attorney's fees award are appropriate, fair, and reasonable.

---

[44] *Cotte v. CVI SGP Acquisition Tr.*, No. 2:21-CV-00299-JNP-DAO, 2023 WL 5351988, *3 (D. Utah Aug. 21, 2023).

[45] No. 2:19-CV-00174-RJS-CMR, 2022 WL 911357, *5 (D. Utah Mar. 29, 2022).

[46] 2023 WL 5351988, *3.

**ORDER**

IT IS HEREBY ORDERED that the parties' Motion[47] is GRANTED. The parties' class settlement is given final approval; the cy pres is approved; the incentive fee award is approved; and the attorney's fees award us approved. The parties are directed to file the necessary documents for resolution and disposition of this case upon completion of the relevant terms and actions required by their settlement agreement.

Signed November 26, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[47] Docket no. 169, filed Nov. 19, 2025.